Zable, &c., v. Harris.

CASE 74—JURISDICTION—JANUARY 10, 1885.

# Zable, &c., v. Harris.

PPEAL FROM LOUISVILLE CHANCERY COURT.

1. If the amount in controversy be less than $1,000 excluding interest and costs, there is no appeal from the Superior Court to this, reversing the judgment of a lower court, unless two judges of the Superior Court certify that the question involved is novel and important.
2. If distinct and several judgments be rendered separately against different individuals, this court has no jurisdiction, although they may have been rendered in the same suit and involve the identical question.

ON MOTION TO DISMISS FOR WANT OF JURISDICTION.

BURNETT, NOBLE & BURNETT and W. LINDSAY and JAMES HARRISON for appellees.

S. B. RICHARDSON for appellant.

JUDGE PRYOR delivered the opinion of the court.

This appeal is prosecuted from a judgment of the Superior Court reversing a judgment of the Louisville Chancery Court, in favor of the plaintiff against the defendants for the amount due by each for certain street improvements made in the city of Louisville, and a lien enforced for the payment on certain real estate. Each judgment is entirely separate and distinct from the other and for less than $1,000, the one judgment debtor in no manner liable for the judgment against the other.

A motion is now made by the defendants below, who were appellants in the Superior Court, to dismiss the appeal in this court or remand it to the Superior Court, upon the ground that this court has no jurisdiction of the appeal.

By subsection 1, of section 5, of the act establishing the Superior Court, this court has no jurisdiction of an

appeal from the Superior Court " where the amount of the fine or the value in controversy is less than $1,000, exclusive of interest and costs ; " and by subsection 2, this court has no appellate jurisdiction " where the judgment of the lower court *has been affirmed* by the Superior Court, without a dissenting vote," although the amount involved may exceed $1,000.

It is, however, expressly provided in subsection 2 that in any case coming within either of the exceptions, any two of the judges of the Superior Court shall certify that in their opinion the question involved is novel and is one of sufficient importance, *the party against whom the decision was rendered shall be entitled to take* the same by appeal *to the Court of Appeals as in other cases.*

While it is not necessary that the certificate of the two judges of the Superior Court should contain the exact language of the act, the jurisdiction of this court, where the appeal is attempted to be prosecuted within either of the exceptions, is made to depend upon the statement or certificate of two of the judges, in substantial compliance with the provisions of subsection 2 authorizing such an appeal. Where the judgment of the lower court has been reversed by the Superior Court, or where there is a dissenting opinion or vote, if the judgment exceeds $1,000, exclusive of interest and costs, the appeal comes to this court as a matter of right; but in all cases where the amount in controversy is less then $1,000, or where the judgment of the lower court has been affirmed without any dissent, the certificate of two of the judges, as provided in subsection 2, is indispensable to the jurisdiction in this court.

In this case it is argued that the appeal is a unit, but the judgment in favor of the one has no connection with the judgment in favor of the other.

The legal questions involved may be identical, but the judgments are entirely distinct.

If this court should entertain jurisdiction in this class of cases, the docket would soon be filled with appeals that did not involve novel and important questions, and thereby defeat the very object of the section bearing on this question.

The objection to the notice of the intended motion, either as to form or substance, can not affect the question of jurisdiction, as the court would decline to entertain the appeal, if no motion had been made.

The entire case is remanded to the Superior Court for want of jurisdiction in this court.