## HASSALL, Trustee, *v.* WILCOX & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS.

Submitted November 23, 1885.—Decided December 7, 1885.

When separate judgments, for separate creditors, on separate claims, are rendered in one decree in equity, and a general appeal is taken, the appeal will, on motion, be dismissed for want of jurisdiction as to all who do not recover more than $5000, and will be retained as to those who recover in excess of $5000.

*Farmers' Loan & Trust Co.* v. *Waterman,* 106 U. S. 265, approved and applied.

This was a motion to dismiss, with which was united a

motion to affirm. The facts are stated in the opinion of the court.

*Mr. W. Hallett Phillips* for the motions.

*Mr. George Biddle* opposing.

Mr. CHIEF JUSTICE WAITE delivered the opinion of the court.

The grounds of the motion to dismiss are:

1. That the appeal is improperly taken in the name of Hassall, trustee, as it is apparent he has no interest in the decree; and

2. That the amounts involved are not sufficient to give this court jurisdiction.

The controversy is between Hassall, the trustee in a railroad mortgage, who intervened in a suit brought by one of the bondholders for a foreclosure, and certain creditors of the railroad company claiming superior liens on the mortgaged property. The trustee came into the suit by agreement, and, with leave of the court, "as a party complainant." Necessarily, as trustee, he represents all the bondholders, there being no conflicting interests among them. The demand of each creditor is separate and distinct from all the others. Each claim depends on its own facts, and a recovery by one does not necessarily involve a recovery by any other. The decree is in favor of each creditor separately. The total amount of all the recoveries is $19,043.45, or thereabouts, but, save the appellee A. W. Wilcox, no one creditor gets more than $5000. The mortgaged property has been sold, and the questions arise upon the distribution of the proceeds in court. The claimants are each severally demanding payment of their respective claims, and the trustee is resisting them all. If the claimants are paid, the trustee gets less for the bondholders. If they are defeated, or either of them is, the amount going to the bondholders will be correspondingly increased.

It is clear that, as to all the creditors whose several decrees do not exceed $5000, this case cannot be distinguished from *Farmers' Loan & Trust Co.* v. *Waterman*, 106 U. S. 265,

and that, so far as those creditors are concerned, the motion to dismiss must be granted. With Wilcox it is different. He has recovered more than $5000. In Waterman's case the dispute was between the several creditors and the purchasers who bought at the foreclosure sale subject to their liens. It is true the purchasers were a part of the bondholders, but in the controversy then before us they appeared as purchasers and not as bondholders. The amount for distribution to the bondholders from the proceeds of the sale would be the same whether the creditors succeeded on the appeal or not. In this case, however, the question is between the creditors and the bondholders, as bondholders. If the creditors succeed, the amount realized from the sale will be correspondingly reduced for the purposes of distribution to the bondholders. Hassall stands in the place of the bondholders on the record. Hence it is his duty to do for the bondholders what they would do for themselves if they were parties instead of himself. His appeal is, therefore, their appeal, and is to be treated as such.

It follows that, as to all the parties except Wilcox, the motion to dismiss the appeal must be granted, but that as to him it must be denied.

The questions arising on the appeal from the decree in favor of Wilcox are not such as ought to be disposed of on a motion to affirm. The motion to that effect is denied.

*Dismissed as to all the appellees except Wilcox.*