CASE 10—PETITION EQUITY—SEPTEMBER 26.

## Oswald, &c., v. Morris, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1. APPELLATE JURISDICTION—AMOUNT IN CONTROVERSY.—When several persons join in one suit to assert several and distinct interests, the amount of the interest of each is the test of appellate jurisdiction; the several interests can not be regarded as a unit in order to give jurisdiction of an appeal.

2. SAME—SUIT BY ONE PERSON FOR BENEFIT OF OTHERS HAVING "A COMMON OR GENERAL INTEREST."—It is only where a suit involves "a common or general interest" of many persons that one or more may, by virtue of section 25 of the Civil Code, sue for the benefit of all. It is not sufficient that the matters presented by the pleading raise a question of law of common or general interest, and in determining whether the amount in controversy is sufficient to give jurisdiction of an appeal, the fact that the plaintiffs designated themselves as suing for others having a common interest with them, and obtained an order in the lower court allowing them to sue for the benefit of such persons, is not conclusive that the parties have a common or general interest.

J. F. BULLITT, JR., FOR APPELLANTS.

1. The aggregate of all the claims is the amount in controversy. The true principle is that wherever parties have a right to join and a right to sue one defendant for a sum aggregating more than the jurisdictional amount either party may appeal. (Freeman v. Dauson, 110 U. S., 269; Shields v. Thomas, 17 How., 3; The Connemara, 103 U. S., 754; Market Co. v. Hoffman, 101 U. S., 112; Wilde & Co. v. Haycraft &c., 2 Duv., 311; Civil Code, sec. 25.)

But even if the test of the amount in controversy is as laid down in Shufeldt v. Gibson, 122 U. S., 27, the court has jurisdiction of this appeal.

2. In Kentucky where one sues for the benefit of others, the consent of

Oswald, &c., v. Morris, &c.

the others is *presumed* unless they come'into the case and object. (Flint v. Speer and others, 17 B. M., 499.)

HUMPHREY & DAVIE, FOR APPELLEES.

The amount in controversy is not sufficient to authorize an appeal either to this court or the Superior Court. The claim of each of the appellants must stand or fall by itself, and, therefore, their claims can not be added together in order to give jurisdiction of the appeal. (Zable v. Harris, 6 Ky. Law Rep., 642; Stoll v. Stoll, Superior Court, 7 Ky. Law Rep., 286; Gibson v. Shufeldt, 122 U. S., 27.)

CHIEF JUSTICE HOLT DELIVERED THE OPINION OF THE COURT.

This is a motion to dismiss the appeal for want of jurisdiction.

When the Newcomb-Buchanan Company failed it had a large quantity of whisky in storage in its warehouses. Prior thereto it had assigned to the Fidelity Trust and Safety Vault Company, in trust, to pay certain of its bonds, the storage claims due and to become due. It had also issued duplicate, triplicate and in some cases even quadruplicate warehouse receipts for the whisky, generally in five-barrel lots, some of it having been pledged and some of it sold. These receipts were held by many different persons in different parts of the country. The assignee of the company brought this action in October, 1884, asking the direction of the court as to how he should ascertain who were the real owners of the whisky, what disposition should be made of the storage dues, &c.

There were no cash assets. The court ordered the claimants to file their warehouse receipts with the assignee in order that the true owners might be ascertained; and to meet the expense of doing so it directed that each holder, listing his receipt or receipts, should pay the assignee ten cents *per* barrel for the whisky claimed by him. These claimants were not parties to the suit, but

a great many filed their receipts and paid the ten cents upon each barrel. In this way a considerable fund was obtained by the assignee.

The warehouse receipts guaranteed that the leakage or " outage," as it is termed, should not exceed seven and a half gallons to the barrel.

In June, 1885, and after the ownership of the whisky had been ascertained, the appellants, four in number, and claiming to sue for all the interested parties, who were quite numerous, by an answer and cross-petition sought to recover back the money that had thus been paid to the assignee. They also claimed that the value of an excess of " outage " over the guaranteed quantity must come out of the storage-fee fund; and also sought to recover the Government tax which had been paid by the different owners upon this excess of " outage " which was supposed to be, but in fact was not, in the barrels.

The lower court allowed the value of the excess of " outage " out of the storage-fee fund, leaving the bond-holders to lose that much, but rejected the claim for the Government tax that had been paid upon it and for the ten cents paid upon each barrel in listing the warehouse receipts. The registration fund amounted to over seven thousand dollars and the tax upon the excess of " outage " to nearly four thousand dollars; but the individual claim of any one of the four appellants does not amount to as much as one hundred dollars. The appellants contend, however, that as they sued not only for their own claims, but for all those who had paid the registration fees and the Government tax, the aggregate of all is to be considered in determining the right of appeal; while upon the other side it is insisted with equal earnestness that

the claims can not be added to make the requisite juris-
dictional amount; and that as the minimum sum giv-
ing jurisdiction to this court and the Superior Court, as
to claims for money, is respectively three thousand dollars
and one hundred dollars, neither court has jurisdiction,
and the appeal must, therefore, be dismissed.

Section 25 of our Civil Code provides: "If the ques-
tion involves a common or general interest of many per-
sons, or if the parties be numerous and it is impracticable
to bring all of them before the court within a reasonable
time, one or more may sue or defend for the benefit of all."

The appellants, in their cross-petition, aver that they
sue for themselves and all others having a common or
general interest with them; and their prayer is that the
adverse party be compelled to pay "whatever any person
may be found entitled to on account of * * * the
Government tax * * * on account of money
paid for registering warehouse receipts." They also
obtained an order in the lower court allowing them
to sue for the benefit of all persons having a gen-
eral or common interest with them. That they did so,
however, is not decisive of the question now presented.
Their designating themselves as suing for others having
a common interest with them did not make it so.

When the Code provides that "if the parties be nu-
merous and it is impracticable to bring all of them before
the court within a reasonable time, one or more may sue
or defend for the benefit of all," it means that this may
be done if they have " a common or general interest,"
and it is really but declaratory of the modern common law
practice. The question then presents itself, have these par-
ties, within the meaning of the Code, such " a common or

general interest " that in determining the right of appeal, not merely the individual claims of the appellants are to be considered, but all others who paid the registration fees and the Government tax, and who are not parties to the action?

We think not. As to the registration fees, if any cause of action existed, it was in favor of each person who made the payment. There existed no joint claim, but a separate cause of action. Each one must recover, if at all, upon his own claim, and, sooner or later, there must necessarily be a distinct judgment in his favor fixing the amount coming to him. The warehouse receipts were separate contracts given to different owners of the whisky. There was no joint right. The quantity of "outage" from each barrel varied, and whether we regard the claim for it or the registration fees, that of each person is distinct and bound to stand or fall by itself. Where there is really within the meaning of the law a common interest, and one sues for the benefit of all, the consent of those not parties to the suit is, in the absence of objection from them, to be presumed. Here, however, these persons voluntarily paid the registration fees under the order of the court. Many of them may not desire to recover them. They may feel that they have so acted that morally they should not seek to do so. Indeed they may have estopped themselves in some way from claiming them.

It is not sufficient that the matters presented by the pleading raise a question of law of common or general interest; but if it were, defenses of varying character might be presented. One might be estopped in some way, another may have obtained his warehouse receipt

fraudulently and questions as to the taxes might exist as to one but not as to another; all of which tends to show that the claims are distinct and the claimants not connected by a common interest or claiming under a common right. A judgment in favor of one would necessarily be independent of that in favor of another.   The claims can not, therefore, be regarded as a unit for the purpose of an appeal.  If, for instance, legatees sue, the share of each being less than one hundred dollars, the amounts claimed by them can not be added together to give jurisdiction for an appeal.   The Supreme Court of the United States has frequently spoken upon this question, it having arisen in that court in various forms.

The case of the Market Company v. Hoffman, 101 U. S., 112, relied upon by the appellants, is different from this one.   There the company was about to sell the stalls in its market.   One of the occupants, claiming the right to continue his occupancy, enjoined the company from doing so; many other occupants united as complainants with him, and the injunction was sustained.   The Supreme Court entertained the appeal by the company upon the ground that the decree was a single one in favor of all the complainants and in denial of the company's right, which was of far greater value than the amount necessary to give the court appellate jurisdiction.

The case of The Connemara, 103 U. S., 754, was where salvors united in a claim for a single salvage service and the owner of the property was allowed to appeal upon the distinct ground, as shown in the opinion, that the interests of the claimants were not distinct, but collective, and for a joint service, and the judgment in legal effect one decree in favor of all the salvors.

In the case of Gibson v. Shufeldt, 122 U. S., 27, the cases decided by the Supreme Court are fully reviewed. There a debtor had made an assignment of his property to an assignee to secure a preferred debt of more than five thousand dollars. Other creditors, by a bill in equity, assailed the assignment as fraudulent and it was so held, and a share in the property adjudged to them. An appeal was denied save as against those of the plaintiffs who had recovered more than five thousand dollars each, that being the sum necessary to give the court jurisdiction.

This is the converse of the case now before us, but it presents the rule of that court and the opinion presents the question in all of its phases. Stated in brief, it is there decided that where the contracts are several or where there is no joint or common interest, the claims of the various claimants can not be regarded as a unit in order to give appellate jurisdiction.

Applying this rule, and which we think is the one provided by our Code of Practice, this appeal can not be maintained. This view is also supported by the case of Zable, &c., v. Harris, 82 Ky., 473. There one judgment was rendered making each defendant liable for what he owed for certain street improvements. The one judgment debtor was not made liable for the amount adjudged against another. It was held that the various sums adjudged could not be considered in the aggregate in determining the right of the defendants to appeal.

The appeal is dismissed.