SAMUEL DAVIS *et al.*

*v.*

UPHAM & STONE *et al.*

*Opinion filed June 19, 1901—Rehearing denied October 9, 1901.*

1. APPEALS AND ERRORS—*rule as to amount involved in mechanic's lien appeal.* Intervening petitions, filed in a mechanic's lien proceeding, on behalf of separate parties, to enforce claims having no connection with each other, are to be treated as separate suits, and the several amounts allowed as liens cannot be added together in order to make the jurisdictional amount necessary to authorize an appeal from the Appellate to the Supreme Court.

2. SAME—*when allowance of a mechanic's lien must be sustained on appeal.* The allowance of a mechanic's lien will be sustained, on appeal, where the objection to the claim is not sufficiently specified in any of the several objections to the master's report.

*Davis* v. *Rittenhouse & Embree Co.* 92 Ill. App. 341, affirmed in part.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

ISRAEL COWEN, for appellants.

FRANCIS T. MURPHY, and THADDEUS S. ALLEE, for appellees Upham & Stone.

L. A. McDONALD, for appellee William E. Palmer.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a proceeding in the circuit court of Cook county by appellees, who were builders and material-men, to establish mechanics' liens against the property of appellants. The original petition was filed by the Rittenhouse & Embree Company for a lien of $527.19, and in the same cause intervening petitions were filed by James R. Scott, the original contractor, for a lien of $2486.50; William E. Palmer, also a sub-contractor, for $1775; Upham & Stone,

sub-contractors under Palmer, for $245.53, and the Gould Manufacturing Company, a sub-contractor, for $646.37. The master in chancery to whom the petitions were referred, in his report found the Rittenhouse & Embree Company, Upham & Stone and Palmer entitled to their respective lien claims on an equal footing with each other, together with interest and attorneys' fees, and dismissed the claim of James R. Scott on the ground that he had signed a waiver of lien. The circuit court entered a decree confirming the master's report. The intervening petition of the Gould Manufacturing Company having been dismissed before the hearing, it was contended by the appellants that an attorney's fee should be granted them on that account, but this was denied. The owners of the property then prosecuted an appeal to the Appellate Court for the First District to reverse the finding as to the claims of the Rittenhouse & Embree Company, Upham & Stone and Palmer. The court affirmed the decree below in all respects, except as to the claim of the Rittenhouse & Embree Company, which was disallowed. Appellants now prosecute a further appeal to this court, insisting that the Appellate Court should have also disallowed the claims of Upham & Stone and Palmer, and they again insist on being allowed an attorney's fee to be taxed against the Gould Manufacturing Company.

Upham & Stone make a motion to dismiss this appeal as to them. Their contention is, that the action of the Appellate Court in reference to their claim for lien, in the absence of a certificate of importance, is not subject to review here because the amount is less than $1000, and because it is a separate and distinct claim from those of the other petitioners. The intervening petitions are on behalf of separate parties, to enforce distinct liabilities. One claim is in no manner connected with the other. As is said in the case of *Farwell* v. *Becker*, 129 Ill. 261 (p. 269): "Where the amount against each defendant is separate and distinct, as is the case here, the two amounts cannot

be united so as to confer jurisdiction, but each must be treated as a separate suit; and if the amount involved as to either one is not large enough to confer jurisdiction, the appeal must fall,"—citing *Paving Co.* v. *Milford,* 100 U. S. 147. See, also, *Stettauer* v. *Boldenweck,* 183 Ill. 187.

The action of the circuit court in refusing to allow appellants an attorney's fee on account of the Gould Manufacturing Company, dismissing their petition before the hearing, is for the same reason not subject to review upon this appeal. As to these claims the appeal must be dismissed.

The Appellate Court has properly disposed of the claim of Palmer upon the ground that the objection of appellants to that claim is not specified sufficiently in any one of the several objections to the master's report. As to that claim the judgment below will be affirmed.

*Dismissed in part and affirmed in part.*