WENSEL MORAVA *et al.*

*v.*

CHARLES BONNER *et al.*

*Opinion filed October 26, 1903—Rehearing denied December 2, 1903.*

1. REDEMPTION—*when execution is not necessary to redemption.* The issue of an execution, and the delivery thereof to the sheriff, and his endorsement thereon of a levy upon the premises to be redeemed, are not essential to the validity of the redemption, where the decree under which the redemption is had does not provide for any execution.

2. SAME—*decree which is severable for purpose of appeal is severable for redemption.* If a decree foreclosing a mortgage is severable as to the various decree creditors, one decree creditor may redeem without having his redemption inure to the benefit of the other decree creditors.

3. SAME—*redemption not defeated by master's failure to record certificate.* A redemption made by a decree creditor, who has done all the law requires of him to effect redemption, is not defeated by reason of the master's failure to record the certificate of redemption until after other creditors had deposited with the sheriff the amount necessary to redeem under the same sale.

4. SAME—*what objection cannot be urged to defeat redemption.* A redemption by a decree creditor cannot be defeated by other decree creditors upon the ground that the record does not show that the master's fee for recording the certificate was paid and that he was not obliged to record the certificate until such fee had been paid, where the objection is raised for the first time in the Supreme Court, although the parties were present when the master's report of redemption and re-sale was made to the court and approved.

APPEAL from the Superior Court of Cook county; the Hon. JESSE HOLDOM, Judge, presiding.

This was a bill in chancery filed by Charles Bonner against the Englewood Sash and Door Company, in the superior court of Cook county, for the partition of certain real estate described therein, it being alleged that each of said parties was the owner of the undivided one-half part thereof in fee simple. Wensel Morava and John Vanderpoel were made parties defendant, and a sheriff's deed held by them upon said real estate was sought to be canceled as a cloud upon the title of Bonner and the

Englewood Sash and Door Company. An answer and replication were filed and a trial had, and a decree was entered in accordance with the prayer of the bill, from which decree Morava and Vanderpoel have prosecuted an appeal to this court.

The real estate in question formerly belonged to the Olivet Baptist Church. On April 26, 1901, a decree of foreclosure was entered in the circuit court of Cook county in favor of George W. Norton, against the Olivet Baptist Church, for the foreclosure and sale of said real estate to satisfy a first mortgage thereon for the sum of $4269.05, to which foreclosure suit all the parties to this suit were made parties defendant. On July 9, 1901, the premises were sold by a master in chancery to satisfy said decree, and the personal representatives of Norton were the purchasers at said sale. The claims of Bonner, the Englewood Sash and Door Company and Morava and Vanderpoel against the Olivet Baptist Church were secured by a second mortgage upon said real estate. On July 16, 1902, a decree was entered in said circuit court foreclosing said second mortgage, in which suit the parties to this suit were parties, wherein it was decreed there was due Bonner $1116.72, the Englewood Sash and Door Company $2321.72 and Morava and Vanderpoel $2799.40, and the premises were ordered to be sold by said master within five days from the date of said decree if said several sums were not paid prior to the expiration of that time, and an execution was authorized to issue in case of a deficiency. On the day upon which said decree was entered, Bonner and the Englewood Sash and Door Company, for the purpose of effecting a redemption from the sale under the first mortgage, deposited with the master who made that sale, the amount of the sale with interest, and the master on that day issued a certificate of redemption from said sale, which was filed for record by him on August 15, 1902. The premises were re-advertised for sale, and on August 26,

1902, were sold to Bonner and the Englewood Sash and Door Company for the amount of said redemption money, interest and costs, and a deed was made to them, as such purchasers, by the master and filed for record, and is the title under which they now claim to own the said premises. On May 2, 1902, Morava and Vanderpoel, in an action of assumpsit, recovered a judgment for the amount of their claim against the Olivet Baptist Church in the superior court of Cook county. On July 22, 1902, they sued out an execution thereon and delivered the same to the sheriff of Cook county, on which day they paid to said sheriff the amount required to redeem from the sale upon the decree foreclosing the Norton mortgage, a levy was endorsed and the sheriff issued a certificate of redemption from said sale, which was filed for record on the 31st day of July, 1902, and said premises were advertised by the sheriff and on the 13th day of August, 1902, sold to Morava and Vanderpoel for the amount of said redemption money, interest and costs, and a sheriff's deed was executed to them therefor, which was duly recorded. Morava and Vanderpoel shortly thereafter obtained possession of said premises from the Olivet Baptist Church by a suit in forcible detainer. The sheriff's deed thus obtained is the sheriff's deed sought to be canceled as a cloud upon the title of Bonner and the Englewood Sash and Door Company.

JAMES HARVEY HOOPER, for appellants.

ISRAEL COWEN, and DUNN & HAYES, for appellees.

Mr. CHIEF JUSTICE HAND delivered the opinion of the court:

This is a controversy between the parties to this suit, as creditors of the Olivet Baptist Church, over the title to certain real estate which formerly belonged to said church, and a correct determination thereof depends upon the validity of the redemption of the premises in

controversy by appellees, through the master, from the sale under the Norton foreclosure decree and the re-sale to them of said premises by the master. If the redemption from said sale by appellees, and the re-sale to them by the master, are valid, the title of appellees must prevail over that of appellants and the decree be affirmed, otherwise it should be reversed.

It is first contended that the redemption by appellees is invalid because they did not sue out an execution upon their decree and deliver the same to the sheriff or other proper officer, and have him endorse on the back thereof a levy on the premises desired to be redeemed, in accordance with the terms of section 20 of chapter 77 of our statutes. (2 Starr & Curt. Stat.—2d ed.—p. 2358.) The decree under which the redemption was made did not provide for the issuing of an execution except in case of a deficiency after sale, and under the authority of *White-head* v. *Hall*, 148 Ill. 253, and *Beadle* v. *Cole*, 173 id. 136, no execution or levy was necessary or proper, as the decree was all the process that was required to authorize a redemption.

It is next contended that the appellees should be held to have redeemed for the benefit of all the claimants whose claims were decreed to be paid by the decree under which they sought to redeem. The decree was several, and not joint, and the appellees had the right to redeem from the sale under the foreclosure decree of the Norton mortgage as decree creditors, and such redemption inured to their benefit, and not to the benefit of the other creditors of the Olivet Baptist Church, whose claims were covered by said decree. Under the repeated decisions of this court (*Davis* v. *Upham & Stone*, 191 Ill. 372; *Pugh Co.* v. *Wallace*, 198 id. 422;) each of said decree creditors could have prosecuted a separate appeal from said decree, and we see no reason, if a decree of the character here referred to is severable for the purpose of an appeal, why it is not severable for the purpose of a redemption.

It is further contended that the failure of the master to record the certificate of redemption until after the appellants had deposited with the sheriff the amount necessary to redeem from the sale under the decree foreclosing the Norton mortgage defeated the redemption by the appellees from said sale. The section of the statute above referred to made it the duty of the master to make and file in the office of the recorder of the county in which the premises are situated, a certificate of redemption, and his failure to fully comply with the statute did not deprive the appellees, who had complied with the statute by depositing in his hands the amount necessary to redeem from said sale, of the right to redeem therefrom. The appellees did all that the law required of them, and their right of redemption was not defeated by the failure of the master to record the certificate of purchase. *Pease* v. *Fish Furniture Co.* 176 Ill. 220.

It is, however, said, that although it be conceded that it was the duty of the master to file for record the certificate of redemption and that his failure in that regard would not destroy the redemption of the appellees, he was not bound to file the certificate of redemption until the appellees advanced to him the recording fee, and that the record does not show such fee was advanced by the appellees to the master. The record does not show in express terms that the fee for recording the certificate of redemption was paid to the master. It does show, however, that the master accepted the redemption money and interest, issued a certificate of redemption, proceeded to re-advertise, and re-sold the property, reported the sale, which was approved by the court, and a deed was ordered to issue to the appellees, which was executed by the master. We think, in view of these facts, the presumption obtains that the appellees paid to the master whatever sum was due him from them as costs at the time they sought to redeem, and as the master made no complaint that his fees were not paid, the appellants can

not defeat the redemption by appellees by now raising the question of the payment of the master's fees, especially as that question is raised in this court for the first time, and was not raised when the master's report of the redemption and re-sale was presented to the court and approved, although the appellants were present objecting to its approval on other grounds.

The redemption by appellees being valid and ante-dating that of appellants, as there could be but one valid redemption from the sale under the decree foreclosing the Norton mortgage, it must be held that the only valid redemption from said sale is that of appellees, and that their title to said premises is superior to and must prevail over that of appellants.

The decree of the superior court will therefore be affirmed.

*Decree affirmed.*