Samp v. Braden.

------

FRED SAMP *et al.* v. S. H. BRADEN, *as Receiver, etc.*

No. 14,531.   (85 Pac. 289.)

SYLLABUS BY THE COURT.

JURISDICTION—*Supreme Court—Amount in Controversy.* Where several and distinct judgments, each for less than $100, are rendered against different defendants upon their individual liabilities as stockholders in a corporation, they cannot by aggregating the judgments and uniting in a proceeding in error give the supreme court jurisdiction, although the judgments were rendered in the same action and involved common questions of law.

Error from Allen district court; TRAVIS MORSE, judge *pro tem.* Opinion filed March 10, 1906. Dismissed.

*Chris Ritter,* and *W. A. Choguill,* for plaintiffs in error.

*McClain & Apt,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: S. H. Braden, as receiver of the Elsmore Creamery Company, brought an action against Fred Samp and Rudolph Kamping to recover upon

their individual liabilities as stockholders of that company. They contested the action upon various grounds, but the court found in favor of the plaintiff and rendered judgment against Rudolph Kamping for $100, and another judgment against Fred Samp for $100. Although the judgments were embraced in a single entry, they were distinct, and were founded upon single shares of stock, each of the face value of $100. Both defendants joined in this proceeding, asking for a reversal of the judgments, but the right to a review is challenged on the ground that the amount or value in controversy is not sufficient to give the court jurisdiction.

Under the code the appellate jurisdiction of the court cannot be exercised in cases of this character "unless the amount or value in controversy exclusive of costs in civil actions exceeds $100." (Code, § 542; Gen. Stat. 1901, § 5019.) Neither of the judgments exceeds $100, and the question arises, Can the defendants by uniting in one proceeding and aggregating their judgments confer jurisdiction upon this court? There was no joint liability of the defendants, nor is there any unity in the judgments. While both are in favor of the same plaintiff, and were rendered in the same action, each is based upon an independent and individual liability, and they stand as distinct and separate as if they had been awarded in different actions against each defendant. Neither defendant is concerned whether the judgment against the other is affirmed or reversed, nor would the compromise or settlement of a judgment by one defendant affect the liability of the other. Either one might settle the judgment against himself without the consent of the other, and if he did so it would be clear that there would be no jurisdiction to review the remaining judgment.

While these judgments grow out of the same corporate transactions, and involve some common questions of law, they are not tied together by any common interest, and they must be separately enforced. As to

each defendant the judgment against him fixes the amount or value in. controversy, and, since neither judgment is sufficient in amount to authorize a review, jurisdiction cannot be obtained by the defendants aggregating judgments which are several and distinct. (*Richmond v. Brummie,* 52 Kan. 247, 34 Pac. 783; *Stinson v. Cook,* 53 Kan. 179, 35 Pac. 1118; *McClelland v. Cragun,* 54 Kan. 599, 38 .Pac. 776; *Zable, &c., v. Harris,* 82 Ky. 473; *Oswald, &c., v. Morris, &c.,* 92 Ky. 48, 17 S. W. 167; *Henderson v. Wadsworth,* 115 U. S. 264, 6 Sup. Ct. 40, 29 L. Ed. 377; *Hassall v. Wilcox,* 115 U. S. 598, 6 Sup. Ct. 189, 29 L. Ed. 504; *Merritt v. Hozey, late Sheriff, and others,* 4 Rob. [La.] 319; *State National Bank v. Allen,* 39 La. Ann. 806, 2 South. 600; *Sampson's Estate,* 201 Pa. St. 590, 51 Atl. 325; *Davis v. Upham & Stone,* 191 Ill. 372, 61 N. E. 76.) The proceeding in error is dismissed.

All the Justices concurring.