### A. H. Lowden et al. v. S. Jennie Sorg et al.

#### Gen. No. 12,612.

1.   MECHANIC'S LIEN—*when claim for, sufficient.   Held*, from the evidence in this case, that the claims for lien of the parties in interest were several and not joint.

2.   MECHANIC'S LIEN—*how claims for, should be filed.*   Claims for liens which are in their nature separate, cannot be joined in a mechanic's lien notice, and different parties holding claims which are in themselves distinct and unconnected with each other acquire no rights to a lien by joining them in a notice of lien filed with the circuit clerk in an attempted compliance with section 4 of the Lien Statute.

Mechanic's lien proceeding.   Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1905.   Affirmed.   Opinion filed October 29, 1906.

ATWOOD, PEASE, CORBIN & LOUCKS, for appellant; WILLIAM S. CORBIN, of counsel.

H. H. C. MILLER and W. S. OPPENHEIM, for appellees.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This appeal has been heard upon the same record and abstracts as the appeals in Nos. 12,613, *post*, p. 266, and 12,589, *ante;* p. 255, opinions in which are filed concurrently with this.

The solution of one question, viz., "Is the claim of Ilett and Lowden a joint one?" settles the rights of appellants in this controversy.

Ilett and Lowden were employed November 4, 1892, as arbitrators to settle disputes which had arisen between the Mecca Company and Shields & Cook, general contractors, in the erection of the Mecca building at State and Thirty-fourth streets, Chicago, as to whether or not the contractors, Shields & Cook, had constructed the building in conformity with the contract, to supply deficiencies and to ascertain the amount due to Shields & Cook. By direction of Shields & Cook they were to make necessary corrections in the building to comply with the terms of the contract. To this time both Ilett and Lowden were strangers to each other. They had never been engaged in business together, but on the contrary followed different avocations, Ilett being a mason and Lowden a carpenter. Ilett and Lowden as such arbitrators paid out $43,294, all of which, less $280.93, was refunded them by the Mecca Company.

The amount of claim filed is $8,884.31, of which $3,200 is due Lowden for carpenter work, and $5,684.31 due Ilett for masonry. Their accounts were kept separately. Neither had any financial or other interest in the work of the other. There was neither partnership nor joint interest. No special arrangement in relation to work or material supplied by either for the Mecca building. As arbitrators their interest was joint, but for work and materials furnished by them as mason and carpenter respectively their interests were

several. All of the items entering into appellants' claim, with the exception of $280.93, are for work and materials, and is connected with the Shields & Cook contract, but done and furnished upon the order and direction of the Mecca Company. The record shows that the item of $280.93 was paid by Ilett. The employment of Ilett and Lowden was made by Harmon, president of the Mecca Company, separately, each employment being distinct from the other. Ilett died subsequently to giving his testimony in support of the claim, and his executors were substituted for him upon suggestion of his death May 26, 1904.

The following quotations from the testimony of Lowden are pertinent and conclusive proof that the claim filed is not a joint claim:

"Q. Did you enter into articles of copartnership with Mr. Ilett? A. No, sir.

Q. At any time? A. No, sir.

Q. Who paid for the work here which you did?

A. The Mecca Company.

Q. Did they pay it to you or to Mr. Ilett, or to which one of you, for the work you did?

A. They paid each one.

Q. They paid you for the work you did and Mr. Ilett for the work that he did? A. Yes, sir.

Q. What kind of business is Mr. Ilett in?

A. He is a mason.

Q. And you? A. Carpenter.

Q. Your work is entirely distinct, is it not?

A. Yes, sir.

Q. Whatever work you did as a carpenter here, the Mecca Company paid you as an individual? A. Yes, sir.

Q. And whatever Mr. Ilett did they paid to him?

A. Yes, sir.

Q. Do you know anything about the work that Mr. Ilett did, except in a general way?

A. Oh, yes, we went over it. We were there all the time. We spent about two-thirds of the time, almost, there, and I had a gang of men on the woodwork and he had a gang of men on the other work.

Q. Did you have a general account there anywhere?

A. No, sir.

Q. The work that you caused to be done by your carpenters you paid for yourself, did you?  A. Yes, sir.

Q. Did you ever pay for anything that Mr. Ilett did?

A. No, never.

Q. Do you know anything at all about it except what he told you?

A. Nothing at all. I never kept any account of it. He kept his own account on his work, and I kept my own account on my work.

Q. And when any check was made to you, did it run to you individually?  A. Yes, sir.

Q. As far as you know, the same thing was done with Mr. Ilett?  A. Yes, sir, I don't know anything different.

Q. In your testimony you said something about your claim being an individual one. What do you mean by that, what are the facts?

A. I didn't fully understand at the time; we done our work as arbitrators together, and while I got my portion for the work that I done, we done it as arbitrators together.

Q. That was under a written order from Shields & Cook, wasn't it?  A. Yes, sir.''  (Rec. 1479.)

Again he testifies:

''Q. Did you enter in your books any of the items of work done by Mr. Ilett?  A. No, sir.

Q. Did you keep any books in regard to those?

A. No, sir.

Q. Did you know anything at all about them except what Mr. Ilett told you as you were looking over the work there being done?

A. No, sir; I don't know what his bills are at all.

Q. You kept no account of them at all?  A. No, sir.

Q. Did you ever pay any accounts of Mr. Ilett for work that he had done?  A. No, sir.

Q. Any demand ever been made on you? A. No, sir.

Q. Was there any agreement between you as to what share of the losses you were to bear upon the. work which he did? A. No, sir.

Q. Any agreement on his part that he was to bear a part of the losses that you sustained? A. No, sir.

Q. What part of the money if you recover any as stated in your account here is Mr. Ilett entitled to? A. Not a dollar of it.

Q. How much of the amount which he has against the Mecca Company are you entitled to if he gets any of it? A. Not a dollar of it.

Q. You were not in any way interested in the work done by Mr. Ilett? A. No, sir.

Q. Nor is he interested in the work done by you? A. No, sir." (Rec. 835-836.)

No joint enterprise can in fairness be adjudged to exist from such evidence. It does not appear by this record that either one paid for the material of the other which enters into this claim.

Ilett testifies that when he did anything outside of the Shields & Cook order he kept separate, "Just as you see,"—referring to his-accounts.

Claims which are in their nature separate cannot be joined in a mechanic's lien suit, and different parties holding claims which are in themselves distinct and unconnected with each other acquire no rights to a lien by joining them in a notice of lien filed with the circuit clerk in an attempted compliance with section 4 of the Lien Statute. Davis v. Upham, 191 Ill. 372.

We, therefore, hold, regardless of all other reasons which may occur to us, or other questions presented by the record, that the claims, if any, of Ilett and Lowden were each separate, that for mason work being the individual claim of Ilett, and that for carpenter work being the individual claim of Lowden. That the notice of lien filed with the circuit clerk was not a compliance with the statute and insufficient to support the claim to a lien made by appellants' cross-bill as amended.

The decree of the Circuit Court dismissing the cross-bill was right and it is affirmed.

*Affirmed.*