CASE 10.—ACTION BY COVINGTON BRO'S & CO. AND
OTHERS, AGAINST P. JORDAN AND OTHERS.—
March 13.

# Covington Bro's. & Co., &c., v. Jordan, &c.

Appeal from Hickman Circuit Court.

R. J. Bugg, Circuit Judge.

From the judgment plaintiffs appeal.   Appeal dismissed.

Appeal—Decisions Reviewable—Amount in Controversy—Consolidation of Actions.—Ky. Stats., 1903, section 950, provides that no appeal shall be taken to the court of appeals from a judgment for the recovery of money or personal property if the value in controversy be less than $200, exclusive of interest and costs. Held that, where separate suits by creditors of the alleged owner of a judgment are consolidated, the amounts of the claims of the separate creditors cannot be added together, so as to give the litigants the right to appeal from the judgment in the consolidated action; but the amount in each suit determines the right of appeal, and, none of the claims equaling $200, there is no right of appeal.

J. H. SHELTON and BULLOCK & SMITH for appellants.

BENNETT, ROBBINS & THOMAS for appellees.

Opinion of the Court by Judge Lassing—Dismissing appeal.

Pete Jordan recovered a judgment against the Illinois Central Railroad Company for $2,000 for personal injuries. The company appealed. While the appeal was pending it is alleged that he sold his inter-

est in this judgment to one Roy Powell. Some time after the sale is alleged to have been made, various creditors of Jordan, and some of the creditors of Jordan & Vick, a firm engaged in the mercantile business at Clinton, Ky., filed their respective suits against Pete Jordan and against Jordan & Vick in the courts at Clinton, Ky., and attempted to attach money coming to Jordan, and garnisheed the railroad company. These various suits were consolidated and tried together. Powell was made a party to each, and filed his answer in each, in which he set up the sale and assignment by Jordan of the judgment to him. The railroad company paid the money into court. Onehalf of the judgment belonged to the lawyers who represented Jordan in the suit. Issue was joined between the various litigants and Powell on the question as to whether or not he was the owner of the remainder of the judgment. Upon a trial before a jury a verdict was returned in favor of Powell, and he was adjudged to be the owner of the fund in court. Personal judgments were given each plaintiff against the defendant Jordan and Jordan & Vick, where the suits had been against the firm. The plaintiffs appeal.

Several questions are raised upon the appeal, but in view of the condition in which we find the record it will be necessary to pass upon but one. The appellees have entered a motion to dismiss the appeal because this court has no jurisdiction, for the reason that the amount sued for in each of the actions which were consolidated is less than $200. Section 950, Ky. Stat., 1903, provides: "No appeal shall be taken to the Court of Appeals from a judgment for the recovery of money or personal property, if the value in controversy be less than $200.00, exclusive of interest and costs." In the case of Oswald v. Morris, 92 Ky.

48, 13 Ky. Law Rep. 355, 17 S. W. 167, this court, in
a case similar to the one at bar, said: ''There existed
no joint claim, but a separate cause of action. Each
one must recover, if at all, upon his own claim, and
sooner or later there must necessarily be a distinct
judgment in his favor, fixing the amount coming to
him.   *   *   *   Defenses of varying character might
be presented.  One might be estopped in one way,
another may have obtained his warehouse receipts
fraudulently, and questions as to the taxes might
exist as to one, but not as to another; all of which
tends to show that the claims are distinct, and the
claimants are not connected by a common interest or
claiming under a common right.  A judgment in favor
of one would necessarily be independent of that in
favor of another.  The claims cannot, therefore, be
regarded as a unit for the purpose of an appeal.''
In the case of Zable v. Harris, 82 Ky. 473, 6 Ky.
Law Rep. 462, in discussing jurisdiction of this court
over an appeal from the superior court, this court
said that where several and distinct judgments are
rendered against different individuals, although they
may have been rendered in the same suit and involve
the identical question, this court has no jurisdiction
where the amount of each judgment is less than $1,000.
In the case of Anderson v. Simmons' Admr., 7 Ky.
Law Rep. 438, the superior court thus laid down the
rule: ''Where legatees appeal from a judgment deny-
ing to them under the will the right to a certain fund,
the share of each legatee being less than $100, this
court has no jurisdiction.  The amounts claimed by
them cannot be added together to give jurisdiction.''
At the time this opinion was rendered the amount
necessary to authorize an appeal to the superior court
was $100.  In the case of Clay's Admr. v. Blair, 4

Ky. Law Rep. 629, the superior court said: "When, in an action in the circuit court the amount in controversy is not sufficient to give this court jurisdiction, no order of consolidation can have that effect." In the case of Wells v. Wilkins, 118 U. S. 230, 6 Sup. Ct. 1049, 30 L. Ed. 210, Mr. Chief Justice Waite, in dismissing this suit for want of jurisdiction, said: "While the aggregate of the values in all of the suits may exceed $5,000, it is clear to our minds that the value of the property involved in no one of the suits reaches that sum, or anything like it."

Thus it will be seen that, under the plain provisions of the Code and the decisions of the courts of this State and of the United States, the amounts involved in the separate suits cannot be added together, so as to give to the litigants the right of appeal; but the amount in each suit must determine the right of appeal. In the case before us the amounts involved in the several suits vary from $131 to as low as $16 none of them equalling $200.

This being true, the appeal is dismissed for want of jurisdiction.