GUTMAN et al. v. LAWTON ESTATES,
Inc. et al.

United States District Court
S. D. New York.

Sept. 20, 1951.

952

M. S. & I. S. Isaacs, New York City, for plaintiffs, Lewis M. Isaacs, Jr., New York City, of counsel.

Maurice R. Whitebook, New York City, for defendants.

IRVING R. KAUFMAN, District Judge.

Tenants at 321 West 78th Street, New York City, bring this action jointly to recover triple damages for rent overcharges under Section 205 of the Housing Act of 1947, as amended, Title 50 U.S.C.A. Appendix, § 1895. Defendants move to dismiss the complaint on the ground that the Court is without jurisdiction since no single plaintiff's claim exceeds $3,000, and the separate claims of individual plaintiffs may not be aggregated simply to confer jurisdiction on the Court.

I have no quarrel with the contention that distinct claims may not be fused for jurisdictional purposes. The rule is well established. Wheless v. City of St. Louis, 1901, 180 U.S. 379, 21 S.Ct. 402, 45 .L.Ed. 583; Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001.

The question remains whether this Court has jurisdiction under Section 205 of the Housing Act to hear the matter despite the absence of a $3,000 minimum claim. The issue has recurred in a number of Circuits since 1949. There is no authority as yet in this Circuit. Courts elsewhere follow either Fields v. Washington, 3 Cir., 1949, 173 F.2d 701, which holds to the $3,000 jurisdictional minimum, or Adler v. Northern Hotel Co., 7 Cir., 1949, 175 F.2d 619 granting jurisdiction over suits in any amount. Both positions have their judicial die-hards. Nothing this Court can add will realign the ranks. The reasoning of the Adler case, however, seems more compelling. A $3,000 jurisdictional minimum in suits of this nature would practically disqualify the Federal Courts as a proper forum. Few tenants could claim that amount, even as triple damages, within the one-year limitation period of the Act. I cannot believe Congress intended, as a practical effect, to channel these suits almost exclusively into the State Courts.

Motion denied.