Guy S. BROWN, Jr., Peter J. Cella, Charles P. Mackin, James Koger, Daniel Cantor, John Phillips, Vincent Scotto, Charles Jacker, Arnfin M. Pedersen and Fred Home, plaintiffs,

v.

HALDALE ESTATES, Inc., and Harold Evans and Karl Major, d/b/a Evans & Major, Defendants.

Civ. No. 16614.

United States District Court E. D. New York.

April 3, 1957.

Iserman & Iserman, Huntington, for plaintiffs. Jordan M. Iserman, Huntington, of counsel.

Allinson & Gerzof, Freeport, N. Y., for defendants. Laurence Cohen of counsel.

BRUCHHAUSEN, District Judge.

The defendants move for a dismissal of the complaint upon various grounds, hereinafter referred to.

The plaintiffs were the purchasers of dwellings, erected by the defendant, Haldale Estates, Inc. The defendants, Harold Evans and Karl Major are officers, directors and stockholders of the said corporate defendant.

A number of the causes of action are grounded upon 38 U.S.C.A. § 694c–1, a statute designed to protect veterans in purchasing dwellings. The present complaint was amended to conform to a change in the statute, effective August 1, 1956.

A group of causes of action, under attack, are those wherein veterans are the plaintiffs.

The names of the veterans and the paragraphs of the complaint, containing those causes of action, are as follows:

| | |
|---|---|
| Guy S. Brown, Jr. | First to Fifteenth, incl. |
| Peter J. Cella | Nineteenth to Thirtieth, incl. |
| Charles P. Mackin | Thirty-third to Forty-third, incl. |
| John Koger | Forty-sixth to Fifty-sixth, incl. |
| Daniel Cantor | Fifty-ninth to Sixty-ninth, incl. |
| John Phillips | Seventy-second to Eighty-second, incl. |
| Charles Jacker | Eighty-fifth to Ninety-fifth, incl. |

The said first causes of action of the seven "veteran" plaintiffs are similar in nature. Each plaintiff alleges that he contracted to purchase a dwelling from the defendant corporation and paid for same, in part, with the proceeds of a loan, guaranteed by the Veterans Administration, and that the purchase price exceeded the amount of the appraisal, determined by the Administrator. Each

plaintiff claims that the said statute entitles him to recover three times the amount of the excess payment. The amount thereof in each instance is less than $500.

The statute, in substance, provides that whoever "knowingly" sells property to a veteran at a price in excess of the value, as appraised by the Administrator, shall, if the veteran pays for the property, wholly or in part with the proceeds of a loan guaranteed by the Veterans Administration, be liable for three times the amount of such excess; that the action may be instituted in any United States District Court, which court may as part of the judgment, award reasonable attorneys' fees to the successful party; that if the veteran fails to institute the action within thirty days after discovering the overpayment, the Attorney General may do so in which event the veteran shall be paid one-third of the recovery and the Government, the balance thereof.

There is no claim that the Attorney General has commenced an action, so that the delay on the plaintiffs' part, if any, beyond the thirty day period is of no consequence. There is a defect, however, in the failure of the plaintiffs to allege that the excess payments were "knowingly" charged. The Court permits the plaintiffs to amend the complaint accordingly.

Another group of causes of action, also under attack, hereinafter termed "the veterans' second causes of action", are those wherein each of the seven veterans are plaintiffs, and which actions are not grounded upon the said veterans statute but are claims for the poor and unworkmanlike manner in which the dwellings were constructed, requiring the expenditure of moneys for the correction of the faults.

The defendants urge the dismissal of the aforesaid causes of action, contending that each involves a sum less than $3,000, the jurisdictional amount provided for in 28 U.S.C.A. § 1331.

Three of the plaintiffs are non-veterans, but purchased their homes with mortgages guaranteed by the Federal Housing Authority. They allege that their contracts of purchase were contingent upon procuring such mortgages and that the dwellings were to be constructed in accordance with plans and specifications filed with said Authority. They further allege that the said dwellings were not constructed in accordance with said plans, but in a poor and unworkmanlike manner, requiring certain expenditures for the correction of such defects. The statute does not vest the Court with jurisdiction of these non-veteran claims.

All of the plaintiffs join in a further cause of action, alleging that at the time they took title to their dwellings, certain moneys were deposited in escrow with the Freeport Bank, which moneys were paid over to the Greater New York Savings Bank, and that, in due course, the plaintiffs will commence a proceeding naming the Greater New York Savings Bank and defendants herein as parties thereto, directing said bank to hold said escrow moneys, or deposit same in court, pending the final disposition of this matter. The Court has no authority to rule on this potential cause of action.

Defendants also move to dismiss all of the causes of action herein, claiming that each is below the jurisdictional amount of $3,000, mentioned in 28 U.S.C.A. § 1331.

No individual litigant herein, even combining the two causes of action of each of the seven veteran plaintiffs, seeks damages in excess of $3,000, exclusive of interest and costs. Since this is not a true class action, because several plaintiffs are not uniting to enforce a single title or right, and there is no intimation that non-appearing parties could have their rights adjudicated in this proceeding, the jurisdictional amount will not be attained by combining the claims of the several plaintiffs. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; California Apparel Creators v. Wieder of California, Inc., 2 Cir., 162 F.2d 893, 174 A.L.R. 481, certiorari denied 332 U.S. 816, 68 S.Ct. 156,

92 L.Ed. 393; Sturgeon v. Great Lakes Steel Corporation, 6 Cir., 143 F.2d 819; Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85.

The joinder of plaintiffs herein is a consolidation for their own convenience, but not a true class action wherein each of the litigants has a common and undivided interest in the matter in controversy and wherein the success of each litigant's cause depends upon the success of the class as a whole. Cf. Gibbs v. Buck, 307 U.S. 66, 59 S.Ct. 725, 83 L.Ed. 1111.

■ The burden is now upon the plaintiffs to establish that this Court has jurisdiction. Gibbs v. Buck, supra; Hague v. Committee for Industrial Organization, 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135.

As previously mentioned, 38 U.S.C.A. 694c–1, the statute on which the veterans ground their causes of action provides that the actions may be instituted in any United States District Court and may include reasonable attorneys' fees to a successful plaintiff.

There is no demand in the complaint herein for reasonable attorneys' fees, such as might bring the demand within the jurisdictional $3,000. Cf. Crescent Lumber & Shingle Co. v. Rotherum, 5 Cir., 218 F.2d 638, 639. But, at that, the complaint would be vulnerable as to those plaintiffs who did not allege the jurisdictional amount, since the motion is specifically directed to each of the plaintiffs, and since the actions herein are not interdependent, which could result in the anomaly of the party alleging jurisdiction being dismissed on the merits, and the party failing to so allege jurisdiction, obtaining judgment. Clark v. Paul Gray, Inc., supra; Grosjean v. American Press Co., 297 U.S. 233, 56 S.Ct. 444, 80 L.Ed. 660; Gibbs v. Buck, supra; Hassall v. Wilcox, 115 U.S. 598, 6 S.Ct. 189, 29 L. Ed. 504.

■ Likewise the District Court may not assume jurisdiction of a separate and distinct non-federal cause of action, simply because it is joined with a federal cause of action in the same complaint. Hurn v. Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148; Markert v. Swift & Co., 2 Cir., 187 F.2d 104. This is not to be confused with the rule that where distinct grounds for a single cause of action are alleged, the one federal and the other non-federal, and the federal ground is sufficient to give the court jurisdiction, then the court in its discretion may pass upon both the federal and non-federal grounds, and may even base its decision upon the non-federal ground when the evidence is insufficient to sustain judgment upon the federal ground. Hopkins v. Southern California Telephone Co., 275 U.S. 393, 48 S.Ct. 180, 72 L.Ed. 329; East Coast Lumber Terminal v. Town of Babylon, 2 Cir., 174 F.2d 106, 8 A.L.R.2d 1219; South Side Theatres v. United West Coast Theatres Corp., 9 Cir., 178 F.2d 648; New Orleans Public Belt R. Co. v. Wallace, 5 Cir., 173 F.2d 145.

Since the second cause of action on behalf of each of the seven veterans is non-federal, and not based upon diversity or other jurisdictional grounds, they must be dismissed. This also applies to the three non-veteran claims.

■ Congress, in enacting laws, may expressly determine whether the Federal Courts which it established should have exclusive jurisdiction of cases arising under particular Federal laws, regardless of the amount involved, or whether jurisdiction thereof be exercised concurrently with the States. Bowles v. Willingham, 321 U.S. 503, 64 S.Ct. 641, 88 L.Ed. 892.

Identical questions as to jurisdictional amount arose in cases arising out of similar statutes brought on by the exigencies of World War II, such as the Housing & Rent Act of 1947, 50 U.S.C.A.Appendix, § 1881 et seq., and the Veterans' Emergency Housing Act of 1946, 50 U.S.C.A.Appendix, § 1821, the latter act now having been partly repealed and partly merged with the former.

Section 205 of said Housing & Rent Act was amended, the substance of which is included in Section 204, 50 U.S.C.A.

122

Appendix, § 1895, which section now gives the Federal Court concurrent jurisdiction with the State Courts "regardless of the amount involved."

Before the said quoted phrase was inserted into the law, there was a conflict in the Third and Seventh Circuits as to whether the Federal Court had such jurisdiction "regardless of the amount involved"; Cf. Fields v. Washington, 3 Cir., 173 F.2d 701, holding for the $3,000 minimum and Adler v. Northern Hotel Co., 7 Cir., 175 F.2d 619, holding for any amount.

The case of Gutman v. Lawton Estates, Inc., D.C.S.D.N.Y., 99 F.Supp. 951, 952, referred to this conflict. Judge Kaufman writing for the Court, said:

"I cannot believe Congress intended, as a practical effect, to channel these suits almost exclusively into the State Courts."

Judge Yankwich in Adams v. Albany, D.C.Cal., 80 F.Supp. 876, 879, recognizing the same difficulty, under the then Veterans' Emergency Housing Act of 1946, reasoned that unless the authorizing statute, in effect, stated that the Federal Court had jurisdiction "regardless of the amount of overpayment involved," the general jurisdictional limitation of $3,000 (28 U.S.C.A. § 1331) would apply.

The distinction between the foregoing four cited cases and the case at bar is that the statutes therein expressly referred to State and Federal jurisdiction, whereas the statute omits mention of State jurisdiction.

■ This is a statute creating liability heretofore non-existent at common law. While under the foregoing discussion State Courts should enforce it, the failure to mention the State Courts emphasizes the Congressional intent that the Federal Courts are the proper forum, perhaps the preferred forum. Veterans seem to be the natural wards of the United States Government for which they fought. It should also be remembered that this emergency legislation is perhaps not as clearly drafted as it might be. The Court holds that it has jurisdiction of the "first cause of action", alleged by each of the seven veterans.

Defendants also move for a dismissal on the grounds of a prior action pending in the State Court. The complaint in that action has not been submitted, so that portion of the motion should be denied, without prejudice.

The motion is disposed of as hereinabove indicated.