JUDGE HARDIN
delivered the opinion op the court.
George F. Burdett and his wife Sally Ann Burdett having conveyed to Thomas S. Moore a tract of about ninety-eight acres of land, to which said Sally Ann claimed title by descent from her father William Boner, deceased, and Moore having sold and conveyed the land to Thornton K. Thompson, said Moore and Thompson brought this suit in equity against Alfred Boner and others bearing such relation to Mrs. Burdett that, in the event of her death without issue, they as her kindred would inherit her estate if she died intestate; the petition alleging, in substance and effect, that by virtue of said conveyance the plaintiff Thompson had the legal title, and that he also had the possession of the land; and that said defendants were representing that the title of Thompson was defective in consequence of the mental incapacity of Mrs. Burdett to make the deed to Moore; and “ that at the proper time they would have the same set aside and oust the said Thompson, or any one to whom he might sell the same, from the possession thereof;” and that he was thus disturbed and prevented from making a fair sale of the land. They sought'to have the title of Thompson established and quieted for the release of any claim the defendant might have, and for general relief.
The defendants did not disclaim or offer to release their supposed prospective claim; but they defended the action resisting the relief sought by the plaintiff on the alleged grounds, that Mrs. Burdett was a lunatic, and the deed to Moore was void for want of capacity in her to convey her title; and as she was childless, and would probably continue to be so, as well as a lunatic, till her death, the land might ultimately descend to them.
*28 The court rendered a judgment sustaining said conveyances, and in bar of any claim of the defendants, but would not adjudge that the plaintiffs recover their costs; and they have appealed to this court, and now seek a reversal of the judgment as to costs, and that the cause be remanded with directions to adjudge to them their costs.
Although the plaintiff did not allege the assertion by the defendants of an immediate right to recover the land, the averments of the petition sufficiently import that they were “ setting up ” a claim in conflict with the title of Thompson, which, if true, authorized the institution of the suit under the “ act to quiet the title to lands” of March 9, 1854 (2 B. S. 102); and as the defendants failed to disclaim title or release any claim they might have, but resisted the relief sought by the plaintiffs, the latter were entitled to costs in the event of their success in the action by an express provision of said act, as well as the more general law regulating the action of courts as to costs.
But by a plea filed by the appellees the jurisdiction of this court to revise the judgment is denied. The appellate jurisdiction of this court in civil cases is defined and limited by the first chapter of Title I. of the Civil Code of Practice, which provides that “ the Court of Appeals shall have appellate jurisdiction over the final orders and judgments of all other courts of this commonwealth,” subject to certain exceptions which are contained in section 16 of that chapter, none of which apply to judgments in suits involving the title to land.
Therefore, although where the right of appeal depends on the amount of a recovery in money or personal property costs can not be included in estimating the value necessary to give jurisdiction to the Court of Appeals, where, as in this case, the title to land is put in issue, the Code contains no exception to the right of either party, who may be wholly or partially unsuccessful, to appeal from the final judgment. (Caskey v. Lewis, 15 B. Mon. 27.)
*29 Wherefore the judgment as .to the costs is reversed, and the cause remanded, with instructions to render a judgment in conformity to,this opinion.