## Napier v. Bowling, et al.

(Decided October 12, 1911.)

### Appeal from Perry Circuit Court.

Jurisdiction—Parties Cannot Consolidate Actions so as to Give.—
While two actions of $160.00 each were consolidated in the lower
court, there were different defendants in the action. Appellant
lost. Had he succeeded there would have been two judgments,
one against each set of defendants. The appeal must be dismissed
as parties cannot consolidate actions so as to give this court juris-
diction.

GREENE, VANWINKLE & SCHOOLFIELD, EVERSOLE & EVER-
SOLE, WOOTON & MORGAN for appellant.

J. C. EVERSOLE, MILLER & WHEELER for appellees.

OPINION OF THE COURT BY JUDGE NUNN—Dismissing.

B. P. Bowling was county school superintendent of
Perry County from 1901 to 1905, inclusive.    He executed
a bond with appellant, S. M. Napier, J. B. Bowling, S.
C. Coldwell, M. C. Eversole and D. Y. Combs as sureties.
He defaulted to some extent in 1904, and in order to get
the same persons to sign his bond for 1905, he agreed that
the checks received from the State for the payment of
the teachers, should be turned over to F. J. Eversole, as
trustee, who was to pay the same directly to the teachers.
Napier denied having any knowledge of such an agree-
ment, but says that he remembers hearing D. Y. Combs

say to Eversole, the trustee, when he (Combs) signed the bond, for him to remember the agreement and to pay the funds out according to it. It seems that some time prior to this Simeon and Finley Bowling, brothers of B. P. Bowling and teachers in the county, made a verbal agreement with B. P. Bowling whereby he was to receive their salaries for that school year to enable him to straighten up his affairs, and upon the faith of this agreement and the directions of his brothers, he drew two orders for two hundred dollars each, in favor of his brothers upon himself as superintendent, made an endorsement on the back of them promising to pay them when the school funds were received from the State, and presented them to appellant, Napier, who cashed them. It appears that F. J. Eversole drew the checks payable to the teachers, but upon the advice of Simeon and Finley Bowling he delivered them to B. P. Bowling. There is nothing in the record to show whether or not they knew, at the time they gave Eversole this advice, that Napier had cashed the two orders drawn by their brother, B. P. Bowling, or that they knew such orders were in existence.

Appellant brought an action upon each order, in the quarterly court; in one he made Simeon Bowling a defendant with his co-sureties, and in the other he made Finley Bowling a defendant with his co-sureties. He did not, however, ask for a judgment against either Simeon or Finley Bowling; he only sought to obtain contribution from his co-sureties. He gave a credit in each action of $40, the part due by him as one of the sureties, which made the amount sought to be recovered in each action $160. The cases were tried in the quarterly court; Napier was defeated and appealed to the circuit court where he was again beaten and he appeals to this court.

Appellees contend this court has no jurisdiction of the appeal, as the amount in controversy is less than $200. Appellant claims that, as the two cases were consolidated in the circuit court and tried as one, the judgment appealed from is $320. The actions were consolidated in the lower court and tried together because the facts in the two cases were the same, but there were different defendants in the actions, and if appellant had succeeded there would have been two judgments rendered in his behalf—one against each set of defendants. Parties cannot consolidate actions so as to give this

court jurisdiction. It is unnecessary to discuss this question further, as it has been repeatedly passed upon by this court. See the cases of Sealey v. Combs, 118 S. W., 972; Oswald v. Morris, &c., 92 Ky., 48; Dickson v. Gleason, 99 Ky., 380; Zable v. Harris, 82 Ky., 473, and Covington Bro. & Co. v. Jordon, &c., 30 Ky. Law Rep., 1135, 100 S. W., 327.

Appeal dismissed.