**White Grocery Company, et al. v. Moore, et al.**

**Moore, et al. v. Snyder, et al.**

(Decided March 1, 1921.)

Appeals from Whitley Circuit Court.

1. Appeal and Error—Jurisdiction of Court of Appeals.—The jurisdiction of the Court of Appeals is limited to cases where the

amount in controversy, exclusive of interest and costs, is as much as $200, unless the title to land, or the right to an easement therein, or the right to enforce a statutory lien thereon, or the construction or validity of a statute, or a section of the Constitution, is directly involved.

2. Appeal and Error—Jurisdiction—Amount in Controversy.—Where the claim of one plaintiff was $168.95, and another plaintiff, $107.-62, the two claims, though purporting to be secured by the same mortgage, are separate and distinct and can not be added together for the purpose of conferring jurisdiction.

3. Appeal and Error—Statutory Lien—Jurisdiction.—Where a mortgage lien was assumed either by the mortgagors or their grantees in a subsequent deed, the lien was a mere contract lien, and not a statutory lien giving jurisdiction, where the amount involved was less than $200.00 exclusive of interest and costs.

4. Deeds—Action for Purchase Money—Right to Judgment Where Grantee Makes no Defense.—Where grantors allege that the grantee agreed to assume the payment of an outstanding mortgage as a part of the consideration for the deed, and the grantee made no defense, grantors were entitled to a personal judgment against him.

5. Reformation of Instruments—Deeds—Mistake—Bona Fide Purchasers.—A deed will not be reformed on the ground of mistake as against a subsequent purchaser for value without notice.

6. Husband and Wife—Wife's Separate Estate—Mortgage—Consent of Husband.—The mortgage of her land by a married woman is void unless her husband unites in the mortgage.

7. Bills and Notes—Bona Fide Purchaser—Purchase Money Lien Note—Right of Purchaser to Lien on Property.—A subsequent purchaser for value of a lien note given for part payment of land, and reciting that the payee assumed the payment of all mortgages against the property, was entitled to a first lien on the property, as well as a personal judgment against his assignor and the makers of the note, where the only outstanding mortgage was void, and the mortgagees had been denied a recovery, and the only other alleged lien against the property was based on a mistake in a prior deed of which he had no notice.

J. B. and B. B. SNYDER for White Grocery Co., etc.

H. C. GILLIS for E. and C. Moore.

R. L. POPE for J. E. and S. E. Peace.

W. R. HENRY for Garrett Snyder.

OPINION OF THE COURT BY JUDGE CLAY—Denying appeals and affirming as to White Grocery Company and Harden Creekmore Company, and granting appeals and reversing as to Elizabeth Moore, Charles M. Moore and James Bennett.

On March 23, 1916, Elizabeth Moore, wife of Charles M. Moore, executed and delivered to the White Grocery Company and Harden Creekmore Company a mortgage on certain property in Whitley county to secure two notes, one to the White Grocery Company for $168.95, and the other to the Harden Creekmore Company for $107.62, each bearing the same date as the mortgage and payable six months from date. Her husband did not unite in the mortgage.

On September 2, 1916, Elizabeth Moore and husband sold and conveyed the same property to Garrett Snyder for the recited consideration of $600.00 cash in hand paid. The deed contained the following provision: "Party of the first part assumes a mortgage upon this property in favor of the White Grocery Company for $168.95, and also Harden Creekmore Company for $107.62."

On December 27, 1916, Garrett Snyder and wife sold the property to J. E. Peace and S. E. Peace for $400.00 cash and a note for $350.00 payable twelve months from date and secured by a lien on the property. On the face of the note was the following: "Garrett Snyder agrees to assume and pay all mortgages against and of record against said property, and render the said Peace harmless on that account."

Thereafter Garrett Snyder transferred the note of $350.00 to James Bennett in payment for a house and lot at High Cliff, Tennessee.

On March 24, 1917, the White Grocery Company and Harden Creekmore Company brought suit against Elizabeth Moore, Charles M. Moore, her husband, and L. F. Peace to enforce their mortgage lien on the property, the petition alleging that by deed of September 2, 1916, Elizabeth Moore and husband recognized and assumed the mortgage upon the property, and that Charles M. Moore, by acknowledgment of said deed ratified the mortgage theretofore entered into by his wife, and thereby created a lien upon the property in favor of plaintiffs for the amount of their indebtedness. It further alleged that L. F. Peace had retained in his hands enough of the purchase price to pay the indebtedness. A warning order was issued against Elizabeth Moore and her husband. On September 22, 1917, the deposition of B. B. Snyder was taken. Snyder testified that he was present when the notes and mortgage were executed, that the agreement was that Snyder, the purchaser, should assume the

payment of the mortgage. He was also present when the deed from Garrett Snyder and wife to the Peaces was executed, and explained to L. F. Peace that there was a mortgage on the property, and the note was drawn in order to protect the Peaces against the mortgage. On October 13, 1917, L. F. Peace answered and stated that he purchased the land described in the petition for J. E. Peace and S. E. Peace. At the time of the purchase he knew of the mortgage and two debts. He refused to pay the full amount of the purchase price but executed the note with the payment thereof conditioned upon the discharge of the mortgage and all other indebtedness against the property. On October 13, 1917, L. F. Peace gave his deposition and testified in accordance with his answer. On October 20, 1917, plaintiffs filed an amended petition asking that Garrett Snyder, J. E. Peace and S. E. Peace be made parties. They further made an affidavit for attachment, and asked a general order of attachment against Elizabeth Moore, Charlie Moore and Garrett Snyder, and that Garrett Snyder, J. E. Peace and S. E. Peace be summoned to answer as garnishees. An order of attachment was issued against the Moores, and Snyder was summoned to answer as garnishee. A similar order of attachment was issued against Snyder, and J. E. Peace and S. E. Peace were summoned to answer as garnishees.

Thereafter, J. E. Peace and S. E. Peace filed their joint and separate answer, setting up the same facts contained in the answer of L. F. Peace, and further averring that they were ready to pay the balance of the purchase money whenever the title to the property was clear.

On March 8, 1918, James Bennett filed his petition to be made a party. After denying the allegations of plaintiffs' petition and amended petition, as well as the grounds for attachment, he set up the fact that he purchased the $350.00 note from Garrett Snyder in due course, and paid therefor a valuable consideration, to wit, a certain house and lot situated at High Cliff in the state of Tennessee, which house and lot he conveyed to said Snyder or his wife. When he sold and conveyed said house and lot and took in part payment therefor said note, the defendant, Garrett Snyder, represented that there were no other valid liens or mortgages upon the property in lien for the $350.00. He further asked that the petition be treated as his answer and a cross petition

against J. E. and S. E. Peace and Garrett Snyder and wife, and that he be adjudged to have a prior lien upon the Whitley county property. The court entered an order directing that the petition be filed and Bennett be made a party defendant, and that the petition be treated as a cross petition against all the defendants, including Belle Snyder, upon whom process was ordered to be issued. Process was issued against Belle Snyder and served on her.

On June 13, 1918, Elizabeth Moore and Charles Moore filed their answer and cross petition, in which it was alleged that at the time they made and executed the deed to their co-defendant, Garrett Snyder, it was understood that there were outstanding two notes for which a mortgage had been executed to plaintiffs, that there was reserved out of the purchase price of the land the sum of $277.67, for the purpose of paying the two notes and interest due plaintiffs, that said Snyder expressly agreed to assume the payment of said two notes and interest, that if the court should be of the opinion that the provision of said deed did not create a lien to plaintiffs, then the answering defendants asked that they be adjudged a purchase money lien on said land for the unpaid part of the purchase price due them by Snyder. To the filing of the answer and cross petition, J. E. Peace and S. E. Peace objected.

On February 13, 1919, plaintiffs filed an amended petition charging in substance that it was a part of the consideration of the deed to Garrett Snyder, and was the intention of the parties, that he should assume the payment of the mortgage in favor of plaintiffs, but that, by mutual mistake of the parties, the word, "first," instead of the word, "second," was written in the deed.

By agreement of the parties, the affirmative allegations of the answer and cross petition of Elizabeth Moore and Charles M. Moore, and of the amended petition of plaintiffs were controverted of record.

On final hearing plaintiffs' petition and the cross petitions of Elizabeth Moore and Charles M. Moore and of James Bennett were dismissed and all attachments were discharged. It was further ordered that the Moores, the Peaces and Garrett Snyder recover of plaintiffs their costs, and that Garrett Snyder and Belle Snyder recover of James Bennett their costs on the latter's cross petition. From this judgment the plaintiffs, the Moores and

James Bennett, were granted an appeal, and have also prayed an appeal in this court.

The first question presented is whether the White Grocery Company and the Harden Creekmore Company may maintain an appeal. In the case of the White Grocery Company the amount involved is $168.95, and in the case of Harden Creekmore Company, $107.62. Our jurisdiction is limited to cases where the amount in controversy, exclusive of interest and costs, is as much as $200.-00, unless the title to land, or the right to an easement therein, or the right to enforce a statutory lien thereon, or the construction or validity of a statute, or a section of the constitution, is directly involved. Section 950, Kentucky Statutes. Here, each of the claims is less than $200,00. Manifestly, they are separate and distinct, and though purporting to be secured by the same mortgage, can not be added together for the purpose of conferring jurisdiction. Nor can it be said that the right to enforce a statutory lien is involved. The original mortgage is a mere contract lien, and whether the deed from the Moores to Garrett Snyder be construed as an agreement on the part of the party of the first part, or the party of the second part, to assume the mortgage, the lien created by the deed would necessarily be a contract lien and not a statutory lien. From these considerations it follows that no right to enforce a statutory lien is involved, and the amount of each claim being less than $200.00, exclusive of interest and costs, the court is without jurisdiction to entertain the appeal.

On the appeal of Elizabeth Moore and husband, the amount involved is $277.67, or more than enough to give this court jurisdiction. It is their contention that they are entitled not only to a personal judgment against Garrett Snyder, but to a first lien on the property. In support of this position they insist that the consideration for the deed which they executed to Snyder was $600.00 cash and the assumption by him of the mortgage in favor of the White Grocery Company for $168.95 and the Harden Creekmore Company for $107.62, though, by mutual mistake of the parties, the deed was so drawn as to provide that the Moores themselves should assume the mortgage. It is therefore argued that as Snyder has been relieved of all liability under the mortgage because of the judgment below, they are entitled to recover the sum secured by the mortgage, and are also entitled to a lien on the property because such sums are fixed in amount

and represent the unpaid part of the consideration. As Snyder made no defense to the claim of a mistake in the deed, and to the charge that the assumption of the mortgage was a part of the consideration for the deed, it is apparent that the Moores were entitled to a personal judgment against him. However, it is clear that they are not entitled to a lien on the property as against James Bennett, the holder of the $350.00 note executed by the Peaces to Snyder and transferred by Snyder to Bennett. The deed as written provided that "party of the first part assumes the mortgage upon this property, etc." In other words, the Moores assumed the payment of the mortgage, and the mortgage debt was not a part of the consideration. With the deed in this condition, Bennett purchased and paid for the lien note without any notice of the alleged mistake in the deed. That being true, he was a bona fide purchaser, and the Moores are not entitled to have the deed reformed as against him. Johnson, et al. v. Beaver Creek Fuel Co., et al., 190 Ky. 499; 23 R. C. L., p. 340.

The amount involved being $350.00, we have jurisdiction of the appeal by James Bennett. The only apparent lien on the property when Bennett purchased the note was the mortgage executed by Elizabeth Moore to the White Grocery Company and the Harden Creekmore Company. Not only was this mortgage void because Mrs. Moore's husband did not unite in the mortgage, section 506, Kentucky Statutes; Bogie, et al. v. Nelson, 151 Ky. 443, 152 S. W. 250, but the mortgagees were denied relief by the judgment below. That being true, and it further appearing, as before stated, that Bennett was an innocent purchaser for value without notice of any mistake in the deed, it follows that as to him there were no valid liens on the property when he purchased the note. Under these circumstances the court below should have given him a personal judgment against Garrett Snyder and the Peaces for the amount of the note and interest, and awarded him a first lien on the property in question.

The appeals prayed by the White Grocery Company and the Harden Creekmore Company are denied and the judgment as to them is affirmed.

The appeals prayed by Elizabeth Moore and husband and James Bennett are granted, the judgment reversed and the cause remanded with directions to enter judgment in conformity with this opinion.