## Reid-Murdock & Company, et al. v. Model Meat & Grocery Company, et al.

(Decided October 10, 1924.)

### Appeal from Perry Circuit Court.

1. Appeal and Error—Right of Appeal where Suits of Creditors are Consolidated Dependent on Separate Claims.—Where separate suits of creditors against same debtor are consolidated, claims of several creditors are separate and distinct, and their several amounts cannot be added together so as to give right of appeal, but amount of each creditor's claim must determine whether or not he may appeal, under Ky. Stats., sections 950-1 to 950-3.

2. Appeal and Error—Appellants Joining Entitled to Benefit of Prior Motion made by Another to be Granted Appeal.—Where there was only one appellant named in transcript when first filed, and it moved to be granted an appeal, appellants subsequently joined by amendment of statement on appeal are entitled to benefit of such motion.

3. Partnership—Slight Change in Name Held Not to Charge those Dealing with Partnership with Knowledge of Change in Personnel.—Change in name of business conducted by partnership from Model Meat & Grocery Company to Model Grocery Company held not sufficient to bring home to those previously dealing with partnership knowledge of change in personnel of partnership or ownership of business.

4. Partnership—Old Members Continue Liable for Debts Contracted by New Firm, Unless Persons Dealing with Firm had Actual Notice of Change.—Upon dissolution of firm or sale by it of firm business, which is continued in same name, old firm and its members continue to be liable for debts contracted by new firm to persons theretofore doing business with old firm, unless they knew of change in firm or had actual notice of it.

5. Partnership—Notice of Sale of Business Not Given Creditors by Mailing Letters which were Not Received.—Mailing to parties, dealing with partnership, of letters informing them of sale of the

business was not notice to them, when the letters were not received.

WOOTTON, SMITH & WOOTTON for appellants.

FAULKNER, STANFILL & FAULKNER for appellees.

OPINION OF THE COURT BY TURNER, COMMISSIONER—
Dismissing the appeal as to appellants, Indian Refining
Company and H. J. Heinz Company, and granting appeal
and reversing as to appellants, Reid-Murdock & Co., and
the Power Grocery Company.

On and prior to July 24, 1916, appellees, Taylor
Hurst, S. F. Hughes and J. W. Hon, were partners in a
meat and grocery business and doing the same under the
firm name of Model Meat and Grocery Company. On
that day they sold out the business to Hurst Hampton, a
nephew of Taylor Hurst.

Young Hampton continued to operate the business
thereafter, as he says, under the new name of the Model
Grocery Company, and prior to December 6th thereafter
each of appellants, who had previously done business
with the Model Meat and Grocery Company and who
knew the members of that firm, sold and delivered, as they
supposed to the same firm, bills of goods, the bill of the
Power Grocery Company amounting to something over
$400.00, the bill of Reid-Murdock & Company to more
than $300.00, while the bills of the other two appellants
were each less than $100.00.

On the 22nd of February, 1917, each of appellants
filed their several suits on such claims against the Model
Meat & Grocery Company and the individual members of
that firm, Hurst, Hughes and Hon. An answer was filed
by the individuals alleging that they as partners had sold
out the business of the Model Meat & Grocery Company
to Hurst Hampton on July 24, 1916, and that each of the
plaintiffs knew of such sale, and that defendants had
given due notice to each of the plaintiffs of said sale before the goods in question were sold.

The four suits were consolidated and transferred to
the equity docket, and upon a trial, after preparation, a
judgment was entered dismissing the petition of each of
the plaintiffs as to Hurst, Hughes and Hon, and from that
judgment each of the plaintiffs prosecutes this appeal
from the judgment in the consolidated actions.

It is well settled that where separate suits of creditors against the same debtor are consolidated, the claims of the several creditors are separate and distinct and their several amounts cannot be added together so as to give a right of appeal from the judgment in the consolidated action. The amount of each creditor's claim on the contrary must determine whether or not he may severally prosecute an appeal to this court. Covington v. Jordan, 125 Ky. 73.

It is apparent, therefore, that as to the two appellants, Indian Refining Company and H. J. Heinz Company, each of the claims being less than $200.00, the appeals must be and are now dismissed, because this court under the provisions of section 950 of the Kentucky Statutes has no jurisdiction.

But it is said for appellees that the appeal should also be dismissed as to the other two appellants for the reason, as alleged, that they have entered no motion in this court to be granted such appeal, such action being necessary where the amount in controversy is between $200.00 and $500.00. The facts are, however, as disclosed by the record, that when the transcript was first filed in this court the only appellant named was Reid-Murdock & Company, and on the day the transcript was filed that company entered its motion in this court to grant it an appeal. Thereafter the single appellant on its motion in this court was permitted to amend its statement on appeal so as to join with it the other three defendants below as parties appellant, and that motion was sustained and the other parties permitted to be made joint appellants. Reid-Murdock & Company while they were the only appellants followed the proper practice and asked this court to grant them an appeal, and thereafter when upon their motion the Power Grocery Company was made a joint appellant with them in the prosecution of an appeal from the same judgment, the Power Grocery Company is entitled to the benefit of the motion theretofore entered by its co-appellant, Reid-Murdock & Company.

There is no knowledge brought home to either of appellants, or their officials or representatives, of the change which had taken place in the firm, or of the dissolution of the old firm, or sale by it of its business to another; and the controlling question then is whether defendants notified these appellants, or either of them, of such change in the firm before the sale of the several bills of goods.

In the first place, even if as stated by young Hampton he after purchasing the business conducted the same in the name of the Model Grocery Company instead of the Model Meat and Grocery Company, as it had theretofore been conducted, there was no such change in the style of the business name as to bring home to those previously dealing with it the knowledge that a change in the personnel of the partnership had taken place. It is not unusual for a partnership doing business under one name or style to change or slightly modify the business name without there being any change whatsoever in the membership of the firm. The mere leaving out of one word in a firm style which does not materially change its sound, or indicate that it is a new firm, will not operate as a notice to those previously doing business with the old firm under the old name that a change has taken place in the ownership of the business.

It is elemental in the law of partnership that upon dissolution of a firm or the sale by it of the firm business and the business is continued in the same name, that the old firm and its members continue to be liable for debts contracted by the new firm to such persons as had theretofore done business with the old firm, unless such persons knew of the change in the firm or had actual notice of it. The rule imposes upon the members of the retiring firm the duty to notify the persons with whom it had been doing business to the end not only that the retiring members may be relieved from liability for the debts of the new firm, but to the further end that the old firm's former customers may exercise their judgment in dealing with the new firm. It is all a question of good faith in the conduct of commercial business, and the rule is imposed so that no deception may be practiced or misunderstanding result because of the change in a firm.

The evidence in this case by one of the defendants is that on the day after the sale to young Hampton he mailed letters of notification to each of appellants as well as others disclosing the change in the firm. On the other hand, the officers of each of appellants testified that they received no such notice until after the bills of goods in question had been sold and delivered.

Accepting, therefore, the statements of the witnesses on each side as true, it is apparent that no actual notice was given to either of appellants of the dissolution of this firm, or the sale of this business; for even though the let-

ters were mailed to each of them, if they were not in fact received as the evidence shows, there was no such actual notice as the law contemplates shall be given. Mitchum v. The Bank of Kentucky, 9 Dana 166; Gaar v. Huggins, 12 Bush 259; Lieb v. Craddock, 87 Ky. 525; Smart v. Breckinridge Co., 90 S. W. 5 (s. c. 4 L. R. A. (N. S.) 800 and note); note 14 A. S. R. 362; note 40 A. S. R. 573.

The appeals are dismissed as to appellants, Indian Refining Company and H. J. Heinz Company; as to appellants, Reid-Murdock & Company and the Power Grocery Company the appeals are granted and the judgment reversed, with directions to enter a judgment for each of the last two named appellants for the amount of their several claims.