## Canada v. Coleman, et al.

(Decided March 27, 1925.)

### Appeal from Pike Circuit Court.

1. Partnership—Evidence Held Conclusively to Show Termination of Partnership Before Debts Contracted.—In action by creditors of member of alleged partnership against property claimed as partnership property, evidence held conclusively to show termination of partnership before debts sued on were contracted.

2. Appeal and Error—Objection to Competency of Witnesses, Not Attacked Below, Unavailable on Appeal.—Where witnesses were heirs of deceased, objection that they could not testify to conversations and transactions with him, as prohibited by Civil Code of Practice, section 606, held not available on appeal where no objection was made to reception of such testimony on trial.

3. Appeal and Error—Appeal Dismissed as to Creditors whose Claims were Below Jurisdictional Limit.—Where some of claims, on which judgment is rendered below, are below jurisdictional limit of appellate court, appeal as to them will be dismissed.

J. C. CANTRELL for appellant.

ROSCOE VANOVER and R. H. COOPER for appellees.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing as to certain appellees and dismissing as to others.

J. Q. Canada, and his son, Earl, the appellant herein, as partners, bought a general store at Mud Lick, Kentucky. Thereafter, J. Q. Canada, individually, bought from the appellees, Coleman and Preece, another general store near Toler, Kentucky. Part of the consideration was paid in cash and for the balance, amounting to $1,500.00, J. Q. Canada gave Coleman and Preece his notes secured by mortgage on the stock of goods bought. After these transactions, the Mud Lick store burned, and shortly thereafter, J. Q. Canada died. Earl Canada was appointed administrator of his father's estate. Coleman and Preece duly presented their notes which were unpaid at J. Q. Canada's death for payment and the administrator not paying them because of lack of assets wherewith to do so, Coleman and Preece brought this action to recover judgment on their notes and to foreclose their mortgage lien. Although, so far as this record shows, they executed no bond, they were allowed to specifically attach the goods subject to the mortgage lien. While this suit was pending, the appellees, Crump and Field and the Huntington Wholesale Grocery Company, holding claims against the decedent in the respective sums of $150.00 and $65.92, intervened to assert their demands. No question is raised concerning the correctness of the claims of any of the appellees against the decedent. It early appeared that the decedent died apparently insolvent. At the time the Mud Lick store burned, Earl Canada had two policies of insurance standing in his name upon its contents. Alleging that J. Q. Canada was half owner in the proceeds of these policies, appellees, Coleman and Preece, by amended petition, sought to reach them and again without executing any bond attached the proceeds of the policies of insurance. Earl Canada, the defendant in the amended petition, not only as administrator of his father but also individually, defended on the ground that after he and his father had bought the Mud Lick store but before his father had incurred any of the obligations set up in this litigation the latter had sold and transferred to him all his interest in the Mud Lick store and had no interest in the proceeds of the fire insurance. The lower court, however, adjudged that J. Q. Canada was at the time of the fire a half owner in the Mud Lick store and a half owner in the

proceeds of the insurance policies at the time of his death and ordered the same paid over to appellees so far as necessary to satisfy their claims.

Passing the question of the validity of the attachment without bond and passing the question as to what interest J. Q. Canada had in the proceeds of the fire insurance, if it be conceded that he and his son Earl were partners at the time of the fire, whether or not it is any more than the balance which may be found due him after the partnership debts, if any, are paid and the mutual accounts between him and Earl are balanced, and thus the partnership lien impressed upon partnership assets satisfied, we are of the opinion that the evidence in this case overwhelmingly shows that J. Q. Canada had no interest in the Mud Lick store at the time it was burned. Four witnesses, two of whom were introduced by appellees, testified that after the Mud Lick store was purchased and before the Toler store was bought, J. Q. Canada sold out his interest in the Mud Lick store to Earl. The only testimony contrary to this is the evidence of one witness introduced by appellees to the effect that at the time of the fire he heard J. Q. Canada say that unless "they collected the insurance he was ruined." Another witness detailed this conversation that the father said unless the insurance was collected "Earl was ruined." Whether or not appellees could have complained of the foregoing testimony of the witnesses produced by them on the grounds that being the heirs of J. Q. Canada they could not testify on cross-examination concerning the matters set out, since they were conversations and transactions with their decedent and so prohibited by section 606 of the Code, yet this record fails to show that any exceptions were filed to these depositions prior to or on the trial of this case or that the court ever passed on any such objections. These steps are essential if it is desired to avail oneself of any error in the reception of such testimony. Hancock, et al. v. Chapman, et al., 170 Ky. 99, 185 S. W. 813.

Therefore, it is plain that the trial court erred in adjudging that J. Q. Canada and Earl Canada were partners in this store at the time either of the fire or of J. Q. Canada's death, and in adjudging that J. Q. Canada had any interest in the proceeds of the insurance. So far as the appeal against Coleman and Preece is concerned it must be reversed, with instructions to dismiss their claim against Earl Canada individually and to set

aside and discharge the attachment on the proceeds of the insurance policies and to adjudge the same to Earl Canada. In so far as the claims of Crump and Field and the Huntington Wholesale Grocery Company are concerned, inasmuch as they are below our jurisdictional limit, we cannot consider them on this appeal, and the appeal as to them must be dismissed. Napier v. Bowling, 144 Ky. 779, 139 S. W. 942; Smith v. Berry, 167 Ky. 646, 181 S. W. 379; White Grocery Co. v. Moore, 190 Ky. 671, 228 S. W. 679.

Judgment as to Coleman and Preece reversed. Appeals as to Crump and Field and Huntington Wholesale Grocery Company dismissed.