# Watkins, et al. v. First National Bank of Jackson, et al.

(Decided June 15, 1928.)

## Appeal from Breathitt Circuit Court.

1. Appeal and Error.—Where interveners admitted in their intervening pleadings, claiming title to land in controversy, that bank's mortgage was superior to whatever title interveners acquired under their title bonds, if their mother executed mortgage, they were not entitled to appeal from judgment in favor of such bank.

2. Appeal and Error.—Wife of mortgagor could not prosecute appeal against mortgagee bank from judgment in favor of it finding that she signed and executed mortgage, where debt amounted to only $195, under Ky. Stats., sec. 950-1, since lien on land to secure mortgage was contractual and not a statutory one.

3. Appeal and Error.—Where amount involved in one branch of case was $219, this was sufficient to confer jurisdiction of appeal from judgment enforcing lien in such branch of case on Court of Appeals, under Ky. Stats., sec. 950-1, where it was sought by motion.

4. Appeal and Error.—Under Ky. Stats., sec. 950-1, Court of Appeals has jurisdiction of appeal where title to land is involved, regardless of amount involved.

5. Mortgages.—Where mortgagee took mortgage with notice of title bonds to mortgagor's sons, mortgage was inferior to whatever rights sons obtained under their respective title bonds, and, there being no proof to show that they were fraudulent, court erred in dismissing their intervening petitions and in refusing to enter judgment in their favor adjudging to them as against such mortgage equitable title to land covered by their bonds.

6. Appeal and Error.—Sale of land as an entirety to satisfy two mortgage liens being erroneous, Court of Appeals had jurisdiction to order new sale, notwithstanding it was without jurisdiction for purpose of disturbing judgment in favor of one mortgagee or determination of its lien to secure it.

ERVINE TURNER for appellants.

W. L. CASH for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

This action was commenced by the filing of a petition in the Breathitt circuit court by plaintiff and appellee First National Bank of Jackson, Ky., against Rich Watkins and Bedford Bowman, in which it sought the recovery of a judgment against those two defendants on two notes executed to it by them (Watkins being the prin-

cipal, and Bowman the surety), aggregating $219, plus interest. Watkins made no defense, and judgment by default was rendered against him. Bowman, the surety, answered and made his pleading a cross-petition against the wife of Rich Watkins, and against the Hargis Commercial Bank & Trust Company, and for cause of cross-action he alleged that Rich Watkins, to secure him as surety on the notes, on January 20, 1925, executed to him a mortgage on a described tract of real estate in that county containing about 200 acres, and that the Hargis Commercial Bank & Trust Company held a prior mortgage on the same tract to secure the balance of an indebtedness due it from defendant Rich Watkins, and for which Bowman was also surety, and he asked that it be required to answer and set up its indebtedness, and that his and its lien be enforced by a sale of the land, or so much thereof as might be necessary to satify the judgments that both banks might obtain.

Mrs. Watkins answered and denied that she had executed or acknowledged either of the above mortgages, and she made her answer a cross-petition against the two banks and asked that the pleadings seeking an enforcement of such mortgage liens be dismissed. The Hargis Commercial Bank & Trust Company answered and set up its debt and mortgage and denied that Mrs. Watkins had not executed the latter as claimed by her in her pleading, and it joined Bowman in his prayer for enforcement of both alleged liens. In the meantime, Matt Watkins and Herman Watkins, adult children of Rich Watkins and wife, filed their intervening petitions in the cause in which they adopted the allegations of their mother about her not executing the mortgages, and further alleged that before the execution of the one in favor of Bowman their parents had sold to them, on October 12, 1923, the tract of land covered by that mortgage, as well as the one covered by the mortgage in favor of the Hargis Commercial Bank & Trust Company, but that the latter, if executed by their mother, was superior to their title, since it was dated July 12, 1922, and before the sale of the land to them. They did not claim that there had been a conveyance of the land to them, but only the execution of two title bonds, each of which they filed with their pleadings, and they purport to convey an equitable title to a described portion of land, and they averred that the two descriptions included the entire tract and that the con-

sideration for each bond was the payment by the equitable vendee to the vendor of $200 and other considerations not necessary to here mention.

Appropriate pleadings made the issues, and the cause was transferred to equity and submitted to the court, followed by judgments in favor of the two banks and in favor of Bowman as against Watkins, and upheld the lien in favor of Bowman as against Rich Watkins, and upheld the lien in favor of the Hargis Commercial Bank & Trust Company against him and his wife, and ordered the land sold for the payment of the debts to each bank, and which the master commissioner was directed to execute.

Rich Watkins and wife and Matt and Herman Watkins have filed a transcript of the record in this court with a motion for an appeal. Evidently the latter two (the sons) are not entitled to an appeal as against the Hargis Commercial Bank & Trust Company, since they expressly admitted in their intervening pleadings claiming equitable title to the land that its mortgage was superior to whatever title they acquired under their title bonds, and Mrs. Rich Watkins cannot prosecute an appeal against the same bank from the judgment in favor of it finding that she did sign and execute its mortgage, because its debt amounts to only $195, and the lien on the land to secure it is a contractual and not a statutory one. Under the express provisions of section 950-1 of our present statutes, we have no jurisdiction where the amount in controversy is below $200, nor do we under that section have jurisdiction, though the debt may be secured by a lien on real estate, if it is below $200, unless the lien is a statutory one. White Grocery Co. v. Moore, 190 Ky. 671, 228 S. W. 679. In that case, and also in Reid-Murdock & Co. v. Model Meat & Grocery Co., 204 Ky. 795, 265 S. W. 322, and Highbaugh v. Huff, 205 Ky. 353, 265 S. W. 816, we held that neither the consolidation of separate suits nor the securing of separate and distinct debts to distinct creditors in one mortgage would authorize the adding together of the various debts so as to make an aggregate sum sufficient to confer jurisdiction on this court. In other words, those cases and many prior ones, in construing our jurisdiction, confined it to the aggregate amount of any debt or debts *between* the *same* parties. So that, in this case, the attempted appeal from the judgment in favor of the Hargis Commercial Bank & Trust Company must be and it is dismissed.

The facts are different with respect to the judgment enforcing the alleged lien of Bowman. In the first place, the amount involved in that branch of the case is $219, sufficient to confer jurisdiction of the appeal on this court when it is sought by motion, and which was the practice followed in this case. However, if that were not so, and that claim was below $200, we would still have jurisdiction of the appeal even without a motion for that purpose because of the fact that, as against that lien, the *title* of Matt and Herman Watkins to the land is involved, and we have jurisdiction in all such cases, regardless of the amount. Hughes v. Swope, 88 Ky. 254, 1 S. W. 394, 8 Ky. Law Rep. 256; Moore v. Boner, 7 Bush, 26; Byrd v. Rose, 44 S. W. 958, 19 Ky. Law Rep. 1898, and other cases that may be found in the notes to the section of the statute, supra.

The title bonds under which the intervening defendants (Matt and Herman Watkins) asserted claim to the land were executed by both of their parents and duly witnessed, and Mrs. Watkins expressly acknowledged those conveyances in her pleading and in her testimony. All of the testimony taken upon that branch of the case sustained the validity of those bonds, and they were impeached by none whatever. If they were fraudulently procured, it was incumbent upon Bowman to both allege and prove that fact, but he failed to do so, and, having notice of them before he took his mortgage, it was inferior to whatever rights the two interveners obtained under their respective title bonds. There being no proof to show that they were fraudulent, the court erred in dismissing their intervening petitions and in refusing to enter judgment in their favor adjudging to them, as against Bowman's mortgage, the equitable title to the land covered by their bonds. In view of the fact, however, that from certain facts found in the record we are in doubt as to the acreage attempted to be included in the bonds of the two sons, we have concluded that the parties, upon a return of this case, may take additional proof on that issue, and the court will then adjudge their claims in accordance with the principles hereinbefore announced.

If it should be developed by the additional testimony herein authorized to be taken that the two title bonds of the intervenors did not include all of the land covered by the mortgages, the excess thereof will first be sold by the commissioner, and if it brings enough to satisfy the debt

of the Hargis Commercial Bank & Trust Company, then none of the land included in the title bonds will be sold. If such excess brings enough to pay the debt of that company with a surplus, then such surplus, subject to the inchoate right of dower of Mrs. Watkins, will be applied on the lien of Bowman; but if such excess does not sell for enough to satisfy the debt of the Hargis Commercial Bank & Trust Company, then a sufficiency of the land covered by the bonds will be sold to pay the remainder of that debt.

The sale was an entirety to satisfy both liens, and, it being erroneous for the reasons stated as to the Bowman lien, and as to the manner of sale as herein indicated, the exceptions to the master commissioner's report should have been sustained and a new sale ordered in the manner hereinbefore pointed out, and which we have jurisdiction to order notwithstanding we are without it for the purpose of disturbing the judgment in favor of the Hargis Commercial Bank & Trust Company or the determination of its lien to secure it.

Wherefore, the appeal as against the Hargis Commercial Bank & Trust Company is dismissed for want of jurisdiction; but the judgment enforcing the lien of Bowman and dismissing the intervening petition of Matt and Herman Watkins is reversed in each of those respects but affirmed as to all others, with directions to proceed in accordance with the principles of this opinion, and which also requires that the sale by the master commissioner be set aside.