# Gilbert et al. v. Home Loose Leaf
# Tobacco Warehouse Co.

June 6, 1947.

William J. Baxter, Judge.

Eversole & Eversole for appellants.

J. J. Greenleaf for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The appellants, Walter T. Gilbert and Daniel Moss Gilbert, brought this action under and pursuant to the Act of Congress known as the Fair Labor Standards Act of 1938, 29 U. S. C. A. sec. 201 et seq.

Walter T. Gilbert alleged that he was employed by the defendant, Home Loose Leaf Tobacco Warehouse Co., a corporation, during the year 1938 as a night watchman, and was entitled to receive as wages the specified rates of pay for regular time and overtime as provided under the Act. He then sets up that he is entitled to $432.55 and an equal amount as liquidated damages, or a total sum of $865.10, plus a reasonable attorney's fee.

Daniel Moss Gilbert states that he was likewise employed by the defendant as a floor worker, and that there is due him, according to the provisions of the Act, $33.90, and the further sum of $33.90 as liquidated damages, and a reasonable attorney's fee.

In the original petition they merely allege that the

Home Loose Leaf Tobacco Warehouse Company is engaged in the housing and sale of loose leaf tobacco in interstate commerce, with its principal place of business at Richmond, Madison County, Kentucky. In their amended petition they reiterate and reaffirm the allegations of their original petition, not inconsistent with their amendment, and allege that "the Home Loose Leaf Tobacco Warehouse Company, was, at all times mentioned in the original petition and herein, engaged in the production for and sale of goods, to-wit, tobacco, in interstate commerce, and that the services of plaintiffs, and each of them, were rendered in the course of, in connection with and incidental to the carrying on of the business of the defendant, and necessary thereto; that the business of the said defendant, at all said times, was within the terms and purview of the Fair Labor Standards Act of 1938, Title 29 U. S. C. A. secs. 201, 216.

"The plaintiff, Walter T. Gilbert, states that his duties as watchman consisted in watching and keeping guard over the tobacco in defendant's warehouse, in preventing burglaries and theft therefrom, in suppressing fires and in apprehending and reporting the presence of any persons trespassing on the premises, all of which duties were necessary to defendant's business of production for and sale of goods in interstate commerce."

Defendant's demurrer to the petition and amended petition was overruled. Answer was then filed denying each and every affirmative allegation of the original petition and of the amended petition, and pleading affirmatively exemption from the provisions of the Act. The plaintiff filed demurrer to answer, which was overruled. The case was passed from time to time, when at the October term of court defendant filed motion for the court to reconsider its ruling on the demurrer to the petition as amended, and upon reconsideration the court ordered that the demurrer be sustained. Declining to plead further, plaintiffs' petition was dismissed. The plaintiffs prosecute this appeal.

We shall dispose first of the claim of Daniel Moss Gilbert. As stated above, his claim was for $33.90, plus an equal amount as liquidated damages and a reasonable attorney fee. It is obvious that this is far below the

amount required to give this court jurisdiction. The fact that he joined with Walter T. Gilbert in asserting his claim did not give jurisdiction. We have held repeatedly that when several plaintiffs join in one action to assert distinct interests, the amount of interest of each is a test, and the amounts claimed cannot be added together to give jurisdiction. Sealey v. Combs et al., Ky., 118 S. W. 972; Napier v. Bowling et al., 144 Ky. 779, 139 S. W. 942.

This leads us then to a consideration of the claim of Walter T. Gilbert. Most, if not quite all, of appellants' brief deals with the defenses as set up by the defendant. Since the demurrer to the petition and amended petition of plaintiff was sustained, we do not reach the matter of the defense as raised by appellee.

According to appellant's petition and amended petition, he was a night watchman and exercised the general duties of a watchman. The allegation that the services of the plaintiff were necessary to the carrying on of the business of the defendant, does not necessarily mean that such services were rendered in the defendant's engagement in interstate commerce, or for the production of goods therefor. In the case of Fultz v. United States Trust Co., 302 Ky. 493, 195 S. W. 2d 87, we held that the work of the employee was decisive in the matter and that a night watchman for the bank was not entitled to recover overtime wages under the Fair Labor Standards Act because he was not engaged in interstate commerce even though the employer bank was. Again in Harlan-Wallins Coal Corp. v. David, 303 Ky. 84, 196 S. W. 2d 881, where a caretaker of a bathhouse, maintained by the coal company for the use of its employees, brought action under the Fair Labor Standards Act, it was held that the nature of employee's work and not the nature of employer's business determines whether employee was engaged in commerce or the production of goods within Fair Labor Standards Act.

Under the authority of the above two opinions and the cases cited therein, we conclude the court below properly sustained the demurrer to the petition and amended petition.

Wherefore, the judgment is affirmed.