**RUSSELL et al.**

v.

**OLD PLANING MILL CO. et al.**

Court of Appeals of Kentucky.

June 23, 1954.

Rehearing Denied Oct. 22, 1954.

Terry L. Hatchett, Glasgow, for appellants.

Richardson & Barrickman, Wilson & Wilson and J. Wood Vance, Jr., Glasgow, for appellees.

PER CURIAM.

The filing of the record herein is regarded as a motion for an appeal, KRS 21.080 and RCA 1.180, from a judgment of the Barren Circuit Court, Honorable Frank W. Jones, Judge, awarding mechanics liens on certain property in various sums to several creditors of a building contractor.

The aggregate of the liens to the five appellees is $4,753.37. The largest is $2,414.41 in favor of The Old Planing Mill Company and the smallest is $152.82 in favor of Paul D. Drake, but each judgment is subject to a reduction of about 16% conceded by the appellant to be due by paying $749 into court.

The amounts of these several liens may not be combined to confer jurisdiction on this court. Stearns Coal & Lumber Co. v. Unemployment Compensation Commission, 285 Ky. 249, 147 S.W.2d 382. This rule applies where the defendant in the several actions appeals although he is required to pay the aggregate amount. Mullins v. Cook, 207 Ky. 282, 269 S.W. 338; Canada v. Coleman, 208 Ky. 248, 270 S.W. 756. No one of the judgments is for as much as $2,-500. The 1952 amendment to KRS 21.060

eliminated the unqualified right to appeal a judgment enforcing a statutory lien.

 The appeal from the judgment in favor of Paul D. Drake is dismissed for want of jurisdiction. Ashland Grocery Co. v. Martin, 267 Ky. 677, 103 S.W.2d 72.

We have considered the other cases and conclude that each judgment should be reduced by 2%.

Motions for appeals in those cases are overruled and the judgments stand affirmed subject to being modified in the circuit court by the reduction stated.

One half the costs of appeal will be taxed against the appellant and one half against the four appellees.